## HARRIS v. THE STATE.

1. The local act of August 9, 1881, " to prohibit the sale or furnishing of spirituous, malt or other intoxicating liquors or bitters, in any quantity, within the limits of the 714th district, G. M., of Carroll county," is unconstitutional, because it undertakes by special legislation to deal with a matter for which provision is made in the general act of 1877 relating to the manufacture and sale of domestic wines.

2. Upon the trial of an indictment based upon an act approved February 26, 1875, to prohibit the sale in quantities less than one gallon of spirituous, vinous, or malt liquors in Carroll county, it was not error to admit evidence of a sale of one half pint of intoxicating liquor in the 714th district, G. M., of that county.

3. Points not raised in and passed upon by the trial court will not be considered by this court.

4. The evidence warranted the verdict, and there was no error of law requiring a reversal of the judgment of the lower court.

Argued November 18, — Decided December 19, 1901.

Indictment for selling liquor.   Before Judge Hodnett.   City court of Carrollton.   September 9, 1901.

*C. P. Gordon, W. F. Brown*, and *C. E. Roop*, for plaintiff in error. *S. Holderness*, solicitor, contra.

Lumpkin, P. J.    1, 2.    By an act of the General Assembly approved February 26, 1875 (Acts 1875, p. 338), provision was made for elections to be held in Carroll and other counties, upon the question "whether spirituous, vinous, or malt liquors shall be sold, bartered, or in any way disposed of for valuable consideration in quantities less than one gallon."    Such an election was held in Carroll county, and as a result thereof the sale of spirituous, vinous, or malt liquors in quantities less than one gallon was, under the provisions of the act above mentioned, prohibited throughout the county.    On August 9, 1881, an act was passed providing that it should be unlawful for any person or firm to sell or furnish, in any quantity, spirituous, malt, or other intoxicating liquors or bitters within the limits of the 714th district, G. M., of Carroll county. Acts 1880–81, p. 591.    The plaintiff in error was tried in the city court of Carrollton, upon an indictment based upon the act of 1875, charging that upon a named day he "did barter, sell, and dispose of, for a valuable consideration, in quantities less than one gallon, spirituous, malt, and vinous liquors, the [same] not being domes-

tic wines." Only one witness was introduced to show the alleged illegal sale, and from his testimony it appears that the sale relied upon to constitute the offense with which the accused was charged was a sale of a half pint of whisky, which took place in the city of Carrollton and within the limits of the 714th district, G. M., of Carroll county. Counsel for the accused objected to the introduction of this testimony, on the ground, among others, that the law upon which the indictment was predicated was repealed, as to the 714th district, G. M., of Carroll county, by the act of 1881, to which allusion has been made. The court overruled the objection and admitted the evidence, as appears from the record, "on the ground that the act for the 714th district, G. M., approved August 9th, 1881, was unconstitutional." To this ruling the accused excepted. The principal question for us to decide, therefore, is whether or not the act of 1881, which undertakes to absolutely prohibit the sale of spirituous, malt, or other intoxicating liquors in any quantity within the limits of the 714th district, G. M., of Carroll county, is constitutional; for if it is, the plaintiff in error should have been indicted under that law, and not under the act of 1875. In the case of *Brown* v. *State*, 104 *Ga.* 525, this court had under consideration the effect of this act of 1881 upon the act of 1875; and it was there held that the act of 1881, relatively to the act of 1875, was still in force, and operated to suspend the general law of the State on the subject of selling liquors without a license, in so far as the 714th district, G. M., of Carroll county was concerned; but it is to be noted that nowhere in the *Brown* case was the constitutionality of the act of 1881 called in question, and the decision was, therefore, of course based on the assumption that the act is constitutional. Under the decision of the majority of this court in the case of *Papworth* v. *State*, 103 *Ga.* 36, which a majority of us adhere to as sound, the act just mentioned is unconstitutional, and therefore void. Providing for general prohibition, and embracing no exception in favor of domestic wines, it comes squarely under the ruling in the *Papworth* case; for, like the act therein considered, it was special legislation upon a matter dealt with by the general wine act of 1877, which legalizes and protects the manufacture and sale of domestic wines throughout the State. Acts 1877, p. 33. See also *O'Brien* v. *State*, 109 *Ga.* 51; *Embry* v. *State*, 109 *Ga.* 61; *Moore* v. *Wheeler*, 109 *Ga.* 62; *Tinsley* v. *State*,

109 Ga. 822; in all of which cases the ruling in *Papworth* v. *State*, supra, was followed.    The resulting conclusions are, that the indictment in this case, based on the act of 1875, was good, and that evidence tending to prove a sale of whisky in a quantity less than one gallon at any place in the county was pertinent and admissible on the trial under that indictment.

3. It was urged by counsel for plaintiff in error, in their brief in this court, that, even if the act of 1881 is unconstitutional, there could not be a lawful conviction in this case, because, by acts approved in 1879 and 1891, amendatory of the charter of the city of Carrollton, the municipal authorities were given power to regulate the sale of liquors and to grant or refuse licenses therefor, and that consequently the accused should have been indicted under those acts, and not under the act of 1875.   Nowhere in the record, however, does it appear that any such point was raised in the trial below.    It was, so far as we are informed, made for the first time here, and apparently did not occur even to the counsel for the plaintiff in error until shortly before the hearing in this court, for their argument on this point is written with pen and ink upon the cover of a typewritten brief.    Following the well-established practice, we must confine our decision to the questions which are properly shown to have been made in and passed upon by the trial court.

4. There is not sufficient merit in the remaining grounds of the motion for a new trial to warrant extended discussion of them here. In view of what is laid down above, the request to charge embodied in the motion was properly refused; it does not appear that the court abused its discretion in refusing to grant a continuance; the alleged improper remarks of the solicitor were not taken advantage of by a motion for a mistrial; the evidence, while conflicting, was sufficient to warrant the verdict of guilty, and the court did not err in refusing to grant a new trial.

*Judgment affirmed.    All concurring, except Little, J., absent, and*

LEWIS, J., dissenting, for the reasons expressed in the dissenting opinion delivered in the case of *O'Brien* v. *State*, 109 *Ga.* 58.