## FLEMING *v.* ROBERTS.

1. That the brief of evidence in the record of a given case is for any reason so defective that it can not be considered by this court is not a sufficient reason for dismissing the writ of error.  In such a case, if any of the assignments of error can be determined without reference to the evidence, the questions thus raised will be considered and decided ; and if none of the assignments of error can be so determined, the judgment will be affirmed.

2. The question as to whether an amendment to a motion for a new trial had been properly served upon the respondent prior to the time of the hearing can not be raised for the first time in this court.

3. The legal sufficiency of a petition can not be brought in question by an objection to evidence introduced in support of the same.

Argued January 7, — Decided February 5, 1902.

Equitable petition.  Before Judge Spence.  Decatur superior court.  February 21, 1901.

*Hawes & Hawes, J. E. Donalson,* and *R. W. Fleming,* for plaintiff.  *Bower & Bower* and *M. E. O'Neal,* for defendant.

COBB, J.  Fleming filed an equitable petition against Mrs. Roberts, alleging in substance as follows:  He had leased from the defendant the timber on certain described lots of land, and the amount agreed upon for such leases had been fully paid.  The contract between plaintiff and defendant embraced all of the old field timber owned by the defendant located at a given place and containing from 750 to 1,000 acres.  By accident or mistake on the part of both plaintiff and defendant this timber was not included in the written contract, although it was the intention of both parties that it should be.  After the contract had been written and signed, plaintiff discovered that the property was not included therein, and called the attention of the defendant to this fact; and defendant agreed that the timber was to have been so embraced, and told plaintiff to let the matter go as it was, that he should have the use of the timber.  Acting upon the faith of this promise, plaintiff made no further effort at the time to have the contract reformed so as to have the timber included therein.  He accepted the contract or deed for the lease of the timber upon the assurance by the defendant that although the old field timber had been left out, it was intended to pass, and that defendant would make him a lease to the same ; and but for this assurance he would never have accepted the deed.  Frequently since the deed was accepted the defendant

has assured plaintiff that the timber was his and that he would have no trouble about it. Exhibited to the petition was a copy of the contract of lease; and the prayer of the petition was that the contract be so reformed as to speak the truth of the transaction and carry out the intention of the parties. There was no demurrer to the petition. The defendant filed an answer, denying the allegations of the petition, and praying for certain relief against the plaintiff on account of damages alleged to have been sustained by the conduct of the plaintiff. The finding of the jury was that the contract be not reformed, and that the defendant recover of the plaintiff a stated amount as damages. The plaintiff's motion for a new trial having been overruled, he excepted.

1. A motion was made to dismiss the writ of error, upon the ground that the brief of evidence had not been filed in the office of the clerk of the superior court within the time provided in the judge's order. This order authorized the hearing of the motion in vacation, and gave the movant the right to prepare and present for approval a brief of evidence at the hearing, which should be filed within ten days after the same was approved. It appears from the record that the brief of evidence was approved, but it does not appear when the same was filed in the clerk's office. The motion to dismiss must be overruled, for the reason that any defect about the brief of evidence which would prevent this court from considering the same is not ground for dismissing the writ of error. The practice in a case where the brief of evidence can not for any reason be considered by this court is to pass upon those assignments of error which do not depend for their determination upon the evidence; and if there are no assignments of error of this character, the writ of error will not be dismissed, but the judgment will be affirmed. See *Ansley* v. *Davidson*, 110 *Ga.* 279, and cases cited ; *McLeod* v. *Railroad Co.*, 111 *Ga.* 859, and cases cited. The bill of exceptions assigns error upon the overruling of the motion for a new trial; and although the motion contains numerous grounds, only two of them were insisted upon in this court, all others being expressly abandoned in the brief of counsel for plaintiff in error. One of these grounds can be determined without reference to the brief of evidence, and as a reversal, in our opinion, will result from a proper decision of the question raised in this ground, the assignment of error made in the other ground, although dependent upon the evi-

dence, need not be determined, for the reason that, if error was committed as alleged in this ground, it will probably not occur on another trial of the case. This being true, it is immaterial whether the brief of evidence is in such a condition that this court can consider it.

2. The plaintiff made a motion for a new trial upon the general grounds, and an order was taken permitting the movant to amend his motion, at any time before the final hearing, by adding additional grounds thereto, if he saw fit. Service was acknowledged upon this motion by counsel for the defendant, but it was distinctly stated that the acknowledgment of service and waiver of further service was not to apply "to any further grounds that may be added by amendment." On February 21, 1901, the plaintiff presented an amendment to his motion for a new trial, which contained several grounds additional to those set forth in the original motion. The court approved the grounds contained in the amended motion as correct, and ordered the amendment to be filed. On the same day the court passed an order reciting that, the motion having been regularly continued to that date, "and both sides announcing ready, after hearing oral argument and considering the briefs submitted by both sides, said motion for new trial is overruled and denied." The amendment to the motion for a new trial was filed in the office of the clerk on March 1, 1901, and is contained in the present record, having been brought to this court under a specification of record in the following words: "Motion of plaintiff in error for new trial, together with the amendment to said motion." Counsel for defendant in error insists that, upon this state of facts, this court should not consider the amendment to the motion for a new trial, for the reason that the amendment was never served, nor was there any acknowledgment of service on the same. It does not appear from the record that the amendment to the motion was served upon the defendant or his counsel, or that any acknowledgment of service on such amendment was made by either of them. It distinctly appears from the judge's order that both sides were present either in person or by attorney at the time the motion for a new trial was heard, the recital being that both sides announced ready. The defendant being present at the hearing, either in person or by attorney, the fact that the judge had allowed an amendment to the motion must have been known to her or her counsel, whichever

one was present on that date ; and if this was true, participation in the argument of the motion as amended would amount to a waiver of service.    But it is said that there was a distinct reservation, in the acknowledgment of service on the original motion, of the right to be served with any amendment which might be made to such motion.    This reservation has no bearing at all upon the question as to whether the amendment to the motion should not have been considered by the judge, for the reason that the reservation merely gave to the defendant a right which she already had under the law ; and the question to be determined now is whether she had notice of the amendment to the motion.    There was no motion to disallow the amendment to the motion for a new trial for want of service, and the question is raised for the first time in this court by a suggestion in the brief of counsel that the amended motion should not be considered by this court, for the reason that it does not appear from the record that the same has ever been served, counsel stating in his brief that there has been in fact no service of the motion or acknowledgment of the same.    But counsel does not state that he was at the time of the hearing ignorant of the fact that the amendment had been allowed, and that his argument at the hearing was restricted solely to the grounds stated in the original motion.    It is inferable from the recitals in the bill of exceptions that the judge considered the amended motion.    It has been held that if for any reason a motion for a new trial is defective and subject to be dismissed, the proper practice is to move to dismiss it at the hearing, and that it is too late to raise the question for the first time in this court by moving to dismiss the writ of error. See *Smith* v. *Adair*, 61 *Ga.* 281 (1); *Cook* v. *Cook*, 67 *Ga.* 381 (1*a*); *Dickinson* v. *Mann*, 69 *Ga.* 729 (3); *Rogers* v. *Cherokee Co.*, 70 *Ga.* 717 (2).

While of course there is a material difference between a motion to dismiss a motion for a new trial and a motion to disallow an amendment to such a motion, we can see no more reason for not permitting a party to raise for the first time in this court the question as to whether a motion for a new trial should have been dismissed than there would be to allow him to make the point that an amendment to such a motion should have been disallowed.    Certainly he should not in either case be allowed to raise for the first time in this court a question which he has had an opportunity to

raise in the court below. But it may be said that the trial judge may allow an amendment to a motion for a new trial, and inadvertently pass upon the motion as amended, without the respondent or his counsel having had any notice of the allowance of the amendment, and that the first information which came to either of them that such an amendment had been allowed would be when he has been served with the bill of exceptions specifying the amendment as a part of the record to be sent to this court. It is the duty of parties and their counsel to keep themselves advised as to the progress of their cases; and as soon as counsel in a given case is advised that the motion for a new trial has been disposed of, it is his duty to inform himself as to what has taken place in the case, by examining the records and papers relating to the case which have been filed in the office of the clerk of the trial court. If upon such an examination it should appear that the trial judge has passed upon a motion for a new trial and considered grounds contained in an amendment when neither the party nor his counsel has had notice of the allowance of the same, it may be that the remedy in such case is to make a motion in due time either to reinstate the motion and have it heard anew, or to expunge from the record such portions as have been inadvertently considered by the trial judge when they were not properly before him. But without reference to what may be the remedy, or whether there is in such a case any remedy for the respondent in the motion, he certainly has no right to raise the question for the first time in this court.

3. The only ground of the motion for a new trial which is insisted on in this court and which is necessary to be considered complains of the refusal of the judge to admit certain evidence in behalf of the plaintiff. The evidence so offered tended to establish the material allegations of the petition, and it was error to reject the same, irrespective of the question whether the petition was good in substance or not. If a defendant sees proper to go to trial upon a petition without making any objection to it by way of demurrer or motion to dismiss the case because no cause of action is set forth therein, the sole question at issue between the parties, so far as the petition is concerned, is as to the truth of the allegations therein contained, and the plaintiff should be allowed to prove these allegations by competent testimony. *Flewellen* v. *Flewellen*, 114 *Ga.* 403, and cases cited. If a petition is good in substance but defective in form, objection to it must be made by an appropriate special demurrer at

the first term. If a petition is not good in substance, that is, taking every allegation to be true, it fails to set forth a cause of action, objection must be made either by a general demurrer or motion to dismiss the case before verdict, or by a motion in arrest of judgment or a motion to set aside the judgment after verdict. We know of no other way in which the question of the legal sufficiency of a petition can be properly brought before the court. The petition in the present case, however, seems to be good in substance. See *Russell* v. *Napier*, 80 *Ga.* 77.

　　　　　　　*Judgment reversed. All the Justices concurring.*