20785. TWITTY, commissioner, etc., *et al. v.* BRITT, clerk.

DECIDED APRIL 14, 1931.

*Reese, Scarlett, Bennet & Highsmith,* for plaintiff.

*O. C. Darsey,* for defendant.

BLOODWORTH, J.   Peter S. Twitty, State game and fish commissioner, filed a petition in the city court of Darien, in which it was alleged: "that at the last May term, 1930, of the city court of Darien, there were tried in said court seven criminal cases for illegal fishing within the inside salt waters of said State and county, in violation of the coastal fisheries act of 1924, section 31, the total amount of the fines being the sum of $500, which has been paid in to the clerk of said city court; that the said clerk of said court has refused to pay over to the game and fish department of the State said fines so collected by him, as is required by the act creating the board of game and fish commissioners (section 31 [Ga. L. 1924, p. 115] of the act approved August 8, 1924, referred to as the coastal fisheries bill); that said cases were made and the evidence furnished by the tidewater inspectors, all of whom are on

160

salaries." Petitioner prayed that said clerk "be required to show cause before your honor, at a time and date to be named, why he should not be required to pay over said funds, collected as aforesaid, to your petitioner."

J. L. Britt made answer as follows: "That he is clerk of said city court of Darien, and that he has in his hands certain funds as is alleged in said petition, but denies that same is being held illegally, and says that under the act creating the city court of Darien he is not required to turn over said moneys to said petitioner, but only a portion of same, to wit one fourth of all fines, which he is now ready and willing to do." After hearing argument the judge of the city court of Darien passed an order in part as follows: "It is the view of this court that the act defining and creating Tidewater Georgia [Ga. L. 1924, p. 104, sec. 7] is to all intents and purposes a local act. In other words, this act applies only to a specified locality, and it is the view of this court that if the contentions of the plaintiff with respect to the effect of local or special acts is correct, the act known as the 'coastal fisheries act' must yield to a general statute on the subject, which provides that one fourth of such fines shall be turned over to said department. It is the view and judgment of this court that the plaintiff is not entitled to a rule absolute requiring said defendant to pay said funds (except said one fourth, which is tendered by the defendant) over to said plaintiff, and the application of said plaintiff is hereby denied and refused."

We can not agree with the judge of the city court of Darien in the conclusion shown by the foregoing judgment. We think that the act approved August 8, 1924 (Ga. L. 1924, p. 101), generally known as the "coastal fisheries bill," is a general law. As was stated in *Papworth* v. *State,* 103 *Ga.* 38 (31 S. E. 402), "The act which we are now dealing with was certainly a general law, and it follows that the General Assembly could not constitutionally vary its provisions in any locality in Georgia by special legislation." See *Mathis* v. *Jones,* 84 *Ga.* 807, 808 (11 S. E. 1018); *Glover* v. *State,* 126 *Ga.* 594 (5) (55 S. E. 592); *Harris* v. *State,* 114 *Ga.* 436 (40 S. E. 315), and cases cited on page 437; *Adair* v. *Ellis,* 83 *Ga.* 464 (b) (10 S. E. 117); *Clark* v. *Clark,* 137 *Ga.* 185 (73 S. E. 16). We think that the act approved August 6, 1929 (Ga. L. 1929, pp. 409, 412); is a local act. In *Mathis* v. *Jones,* supra, it was

said: "Every local or special bill has to be advertised beforehand in the locality where the matter or thing to be affected may be situated." Before the act approved August 6, 1929, just referred to, could be legally passed in the legislature, it would be necessary to advertise the same as provided by law. See Civil Code, §§ 357, 6444. Under the aforesaid statutes and rulings, the fines in the hands of the clerk of the city court of Darien should have been turned over to the game and fish department of the State as provided by section 31 of the act of 1924, referred to.

  *Judgment reversed.*   *Broyles, C. J., and Luke, J., concur.*