JACKSON *v.* BAKER.

No. 17289.   NOVEMBER 14, 1950.   REHEARING DENIED NOVEMBER 27, 1950.

448

E. J. *Clower* and *Bobby Lee Cook,* for plaintiff in error.

*Brinson & Davis* and *C. H. Porter,* contra.

HEAD, Justice. The Act entitled, "Second Primary Elections in Certain Counties" (Ga. L. 1945, p. 1087) is so limited and restricted that the act applies only to Chattooga County, and is a special act and not a general one. *Worth County* v. *Crisp County,* 139 *Ga.* 117 (76 S. E. 747); *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457); *Medders* v. *Stewart,* 172 Ga. 507 (158 S. E. 56); *Christian* v. *Moreland,* 203 *Ga.* 20 (45 S. E. 2d, 201). The special act applicable only to Chattooga County is not in conflict with any general law applicable to primary elections for county officers. This is conceded by counsel for the defendant in error.

By brief, counsel for the defendant in error assert: "The sole question relied on by the defendant in error . . was: 'Is the act of 1945 a law of a general nature, which is unconstitutional because it does not have uniform application throughout the State, but is arbitrarily limited in application to counties having a population of not less than 18,525 and not more than 18,540 by the 1940 census?' "

The question stated by counsel is not made by any of the attacks upon the constitutionality of the act set out in the petition. Counsel for the defendant in error quote from subsection "c" of the petition, set out in the statement of facts, to support the contention that the question was made as to whether the act of 1945 is a law of general nature and unconstitutional because it does not have uniform application throughout the State. There was no allegation in the petition (in subsection "c" or elsewhere) that the act of 1945 (Ga. L. 1945, p. 1087) is one of

general nature. The attack made by subsection "c" is that the act is limited in its scope and applicable solely to Chattooga County.

A question not made in the pleadings, but presented for the first time in argument before this court, comes too late, and presents no question for determination. *Loftin* v. *Southern Security Co.*, 162 *Ga.* 731 (3) (134 S. E. 760); *Rogers* v. *Taintor*, 199 *Ga.* 192 (33 S. E. 2d, 708).

Every attack made by the petition upon the act having been abandoned by the defendant in error, it is unnecessary to pass upon the questions which have been thus abandoned. The act can not be held to be unconstitutional upon an attack presented for the first time by argument of counsel in this court.

*Judgment reversed. All the Justices concur.*