### 41092. EDWARDS et al. v. LAMPKIN.

BELL, Presiding Judge. In an action before the Superior Court on an appeal from a judgment of the Court of Ordinary of Clarke County, Georgia, the superior court granted the appellee's motion for summary judgment on the appellant's plea to the jurisdiction of the Ordinary of Clarke County to entertain proceedings for the probate of the will of the deceased Lois Cobb Lampkin. The plea was based on the premise that the domicile of the deceased followed that of Gordon G. Thompson as her duly appointed guardian. Exception is brought to the judgment of the superior court granting the appellee's motion for summary judgment. *Held:*

The determining factor in this case is that the documentary record of the proceedings leading to the appointment of Gordon G. Thompson as the guardian of the person of the now deceased Lois Cobb Lampkin shows on its face that the appointment is void.

In proceedings brought under *Code Ann.* § 49-604 inquiring into a person's capacity to manage his own estate the jurisdiction of the courts of ordinary is extremely limited. The proceedings are summary and must be strictly construed, and must show on their face such facts especially as to the giving of notice, the issuance of the commission, and the return thereof, as will authorize the judgment appointing the guardian. *Milam v. Terrell,* 214 Ga. 199, 202 (104 SE2d 219). "The notice must also give the time the commission is to issue." *Ibid.,* p. 204.

Here the notice, with respect to the time the commission would issue, merely stated that "You are further notified that after ten days from the filing of said petition with the Ordinary of said County, said Ordinary will commission two medical doctors and an attorney to investigate and report upon the truth of said allegations as provided by law." No other notice as to the time of the issuance of the commission was given. Applying the mandatory strictness of construc-

tion to these proceedings as required by the *Milam* case the prepositional phrase "after ten days from the filing of said petition" is indefinite as to time and does not comply with the essential announced in *Milam* that "the notice must also give the time the commission is to issue." In effect the notice here merely stated that at *sometime* or at *anytime* subsequent to the expiration of ten days, following the notice the commission would issue. By its holding in *Milam* that "the notice must also give the time the commission is to issue" the Supreme Court meant that notice must be given of the exact day the commission would issue. The imprecise notice in this case is insufficient to meet the requirements of jurisdiction of the ordinary to issue the commission and renders the proceeding void on its face.

The judgment of a court having no jurisdiction is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. *Code* § 110-709. A void judgment may be attacked in any court and by any person. *Code* § 110-701.

It appearing that the court of ordinary was without jurisdiction due to the insufficiency of the notice, all subsequent proceedings in the cause brought under *Code Ann.* § 49-604, including the appointment of Gordon G. Thompson as guardian of the person of Lois Cobb Lampkin, are void. For this reason the county of the domicile of Lois Cobb Lampkin is not affected by the domicile of Thompson. See *Code* § 79-405.

The judgment of the superior court granting the appellee's motion for summary judgment on the appellant's plea to the jurisdiction is

*Affirmed. Frankum and Hall, JJ., concur.*

ARGUED JANUARY 12, 1965—DECIDED JUNE 15, 1965—
REHEARING DENIED JULY 13 AND JULY 21, 1965.

*Arnold & Harris, Robert B. Harris, L. M. Layfield, Jr., Nancy Pat Phillips,* for plaintiff in error.

*Erwin, Birchmore & Epting, Nicholas P. Chilivis, Robert E. Gibson, Chappelle Matthews,* contra.