43299.   TROUTMAN v. TROUTMAN et al.

SUBMITTED JANUARY 10, 1968—DECIDED JUNE 12, 1968.

*Frank F. Faulk, Jr.,* for appellant.

*Robert B. Williamson,* for appellees.

BELL, Presiding Judge.   An application for hospitalization of a mentally ill person under *Code Ann.* § 88-506 (a) (Ga. L. 1964, pp. 499, 534), which may be filed by anyone, must allege on oath that the applicant believes that the person is mentally ill and in need of hospitalization.   It must be accompanied by a certificate of a physician stating that he has examined the person not more than 10 days prior to the date of the application and is of the opinion that the person is mentally ill and should be hospitalized.   An application for the restoration of legal capacity of a person other than a patient in a psychiatric hospital subject to the provisions of *Code Ann.* § 88-513 (b), must be brought by the person suffering legal disability, personally or by attorney, under *Code Ann.* § 88-522 (c) (Ga. L. 1965, pp. 490, 491), *Code Ann.* § 88-523 (Ga. L. 1967, p. 763), or *Code Ann.* § 49-605 (b) (Ga. L. 1964, pp. 499, 660).   An application pursuant to one of these provisions must contain allegations showing that the person under legal disability has been restored to mental health or is no longer mentally ill to the

extent that he is incapable of managing his estate and it must be accompanied by the certificate of a physician. The jurisdiction of an ordinary, in issuing a commission to examine a person as to mental illness is limited; the proceedings are summary, must be strictly construed, and must show on their face all facts essential to exercise of the ordinary's jurisdiction. *Morton v. Sims,* 64 Ga. 298, 301; *Templeman v. Jeffries,* 172 Ga. 895, 902 (159 SE 248); *Edwards v. Lampkin,* 112 Ga. App. 128 (144 SE2d 119). The application in this case alleged merely that James F. Troutman was "subject to be committed to the Milledgeville State Hospital, he having been previously adjudged insane by proper commission issuing from this court and returned from his initial committal unrestored and without certification of his sanity," and prayed for the appointment of a commission. There was no physician's certificate accompanying the application. Whether the application is treated as one seeking hospitalization of James F. Troutman or as one seeking restoration to legal capacity, it seems clear that this application was not filed in compliance with any of the cited statutory provisions circumscribing the ordinary's jurisdiction. The superior court did not err in affirming the ordinary's judgment dismissing the application.

*Judgment affirmed. Hall and Quillian, JJ., concur.*