### 25616. TURK v. STATE HIGHWAY DEPARTMENT.

HAWES, Justice. This is an appeal from the judgment of DeKalb Superior Court sustaining the condemnor's motion to dismiss the condemnee's notice of appeal to a jury and sustaining the condemnor's motion for a judgment on the pleadings and from the final judgment against the condemnor in the amount of $2,600. The sole basis for the appellant's contention that the Supreme Court has jurisdiction of the appeal is the first enumeration of error complaining of so much of the order and judgment of the trial court as overruled the condemnee's attack on the constitutionality of §§ 7 and 10 of the Act approved April 5, 1961, as amended (Ga. L. 1961, p. 517 et seq.; Ga. L. 1962, Sept. Sess., p. 37 et seq.; *Code Ann.* §§ 36-1307 and 36-1310) on the ground that such sections are repugnant to the due process and impartial and complete protection provision of the State and Federal Constitutions. This enumeration of error is based on the judgment overruling the condemnee's contention made in paragraph 4 of his response to the condemnor's motion to dismiss the notice of appeal of condemnee and for judgment on the pleadings. In that paragraph condemnee contended "That the limiting provisions of section 36-1307, Ga. Code Ann. (Ga. L. 1961, pp. 517, 525, as amended; Ga. L. 1962, Ex. Sess., Sept., pp. 37, 46) constitute a denial of the respondent of due process of law and contravenes the protective provisions of Article I, Section I, Paragraph III, of the Constitution of

the State of Georgia of 1945, in that whereas the condemnation of the respondent's property and the taking thereof may be said to be an action in rem the payment of just and adequate compensation for damages resulting from such taking is in personam."

1. It is fundamental that this court is a court alone for the trial and correction of errors of law, that it has no original jurisdiction, and that it will decide no question on appeal not clearly presented and passed upon by the trial court. The Constitution, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704); *Code* § 24-3901 (1); *Jackson v. Baker,* 207 Ga. 446, 448 (62 SE2d 162). Accordingly, where it is clear from the record before this court that no attack on the statute in question on the ground that it violates the provisions of the Federal Constitution was made in the trial court, such question, though sought to be asserted in the grounds of enumerated error and argued in the brief of counsel before this court, will not be passed upon.

2. "It is well settled that 'in order to raise a question as to the constitutionality of a "law," at least three things must be shown, (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision.' *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774 (95 SE2d 677)." *Ledford v. J. M. Muse Corp.,* 224 Ga. 617 (163 SE2d 815). The attack on the statute contained in paragraph 4 of the condemnee's response, above quoted, refers to "the limiting provisions of section 36-1307 Ga. Code Ann." It is impossible for this court to ascertain from this language just what portions of the statute the condemnee has reference to, nor can this court ascertain from the language of that paragraph what point the condemnee sought to make in contending that whereas condemnation is an action in rem the payment of just and adequate compensation for the taking is in personam so as to enable this court to determine how and wherein it is contended that the statute or a designated part thereof violates the due process laws provisions of the State Constitution. Thus, paragraph 4 falls short of properly raising a constitutional

question, and the Court of Appeals, and not this court, has jurisdiction of the appeal. See *Robinson v. McLennan,* 224 Ga. 415 (162 SE2d 314); *McLanahan Crushed Stone, Inc. v. Rousey,* 224 Ga. 433 (162 SE2d 316); *Holmes v. State,* 224 Ga. 553, 558 (163 SE2d 803); and *Wideman v. Burson,* 224 Ga. 665 (164 SE2d 128).

*Transferred to Court of Appeals. All the Justices concur.*

ARGUED JANUARY 14, 1970—DECIDED APRIL 9, 1970.

*Zachary, Hunter, Zachary & Bowden, John Calvin Hunter, A. Mims Wilkinson, Jr.,* for appellant.

*Herbert O. Edwards, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, William B. Brown, E. J. Summerour, Deputy Assistant Attorney General,* for appellee.