26255.  ELINBURG v. THE STATE.

NICHOLS, Justice. The defendant was convicted of rape and sentenced to 20 years imprisonment. After his motion for new trial was overruled the present appeal was filed.

1. On the trial of the case counsel objected to the wife of the defendant testifying. The objection was in part as follows: "First of all this 1957 Act which amended the Code section 38-1604 is void in that the title of that Act is defective. It does not comply with the constitutional requirements and particularly Code Section under—excuse me just a moment, You Honor—Article II, Section 7, Paragraph 19, Georgia Code Section 2-1960 in that." He then stated two other reasons why Code § 38-1604 is allegedly invalid without specifying the provisions of the Constitution, either of the State or United States Constitutions, allegedly violated. Our Constitution contains no Article II, Section 7, Paragraph 19, neither is there any Code section, nor Code Ann. section designated as § 2-1960. "It is well settled that 'in order to raise a question as to the constitutionality of a "law," at least three things must be shown, (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair preci-

sion; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision.' *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774 (95 SE2d 677)." *Ledford v. J. M. Muse Corp.,* 224 Ga. 617 (163 SE2d 815). See also *Turk v. State Hwy. Dept.* 226 Ga. 245 (2) (174 SE2d 791). The attack on the wife's right to testify was insufficient to raise any question as to the constitutionality of the Act permitting such testimony and the trial court did not err in permitting her to testify.

2. The request that the defendant remove and give to the police articles of clothing which he was wearing at the time of his arrest did not amount to an illegal search so as to render evidence obtained therefrom inadmissible. See *Cash v. State,* 222 Ga. 55 (148 SE2d 420); *Moore v. State,* 222 Ga. 748, 752 (152 SE2d 570).

3. The evidence adduced, though circumstantial in a great many respects, was sufficient to authorize the verdict of guilty.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1971—DECIDED JANUARY 29, 1971.

*G. Hughel Harrison, James W. Garner,* for appellant.

*Reid Merritt, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

