## 48526. TRAPNELL et al. v. SMITH.

STOLZ, Judge.

1. A most cursory examination of the record in this case reveals that the original proceedings to declare Mrs. Gertrude Trapnell incompetent and for the appointment of a guardian of her person and property were instituted and carried out under the authority of former Code Ann. Ch. 88-5, based upon Ga. L. 1964, pp. 499, 531-545; 1965, pp. 490, 491; 1967, p. 763; 1968, pp. 333, 334, which has been repealed and superseded by Ga. L. 1969, p. 505 et seq. (Code Ann. Ch. 88-5).

An examination of the record does not reveal that notice of the hearing was served on the patient, Mrs. Gertrude Trapnell, and that such notice was accompanied by "a plain and simple statement that [she] was entitled to counsel" as required by Code Ann. § 88-507.3 (c) (Ga. L. 1969, pp. 505, 532), or that Mrs. Trapnell ever waived such notice.

2. Code Ann. § 88-507.3 (a) provides that, "The court of ordinary shall enter the names and addresses of *representatives of the patient* on the petition. The patient may designate one representative; a second representative or, in the absence of designation of one representative by the patient, two representatives shall be selected by the court, *one* of whom shall be selected from the following *in the order of listing,* other than the person who executed the petition under section 88-507.2: the patient's *legal guardian, spouse,* an *adult child, parent, attorney, adult next-of-kin,* or *adult friend.* The

second representative shall be selected from the above list without regard to the order of listing. The court shall make diligent efforts to secure names and addresses of two representatives for the patient as provided herein. If the court is unable to secure such representatives after diligent search, that fact shall be entered in the record of the case, and the court shall appoint a guardian ad litem. Such guardian ad litem shall act as representative of the patient." (Emphasis supplied.)

The record does not reveal the designation of any *representatives* by the patient or by the ordinary. It merely names the two adult next-of-kin living within the state as provided under a procedure that was repealed in 1969. Further, the statute permits the appointment of a guardian ad litem only when "the court is unable to secure such representatives after diligent search, [and] *that fact shall be entered in the record of the case."* (Emphasis supplied.) On this requirement the record is again silent. Without such entry, the ordinary is powerless to appoint a guardian ad litem.

3. The commission found "the said Mrs. Gertrude H. Trapnell (not to be) (to be) a person incapable of managing her own estate and thus (not in need) (in need) of the appointment of a guardian." The situation is not entirely dissimilar to that in *Boockholdt v. Brown,* 224 Ga. 737 (164 SE2d 836). In *Boockholdt,* the commission report failed to include the patient's name and failed to state whether they found him "not to be" or "to be" a person incapable of managing his estate, and thus "not in need" or "in need" of a guardian.

4. "This court in *Milam v. Terrell,* 214 Ga. 199, 202 (104 SE2d 219), held: 'However, the appointment of guardians for persons of unsound mind who are incapable of managing their estates shall occur only after formal examination of such person as required by Code Ann. § 49-604. For this type of examination inquiring into a person's capacity to manage his own estate the jurisdiction of the ordinary is extremely limited, the proceedings are summary and must be strictly construed, and must show on their face such facts especially as to the giving of notice, the issuance of the commission, *and the return thereof,* as will authorize the judgment

appointing the guardian. *Morton v. Sims,* 64 Ga. 298; *Templeman v. Jeffries,* 172 Ga. 895 (159 SE 248).' (Emphasis supplied.)

"Among our most cherished rights, as American citizens, are the freedom of choice as to our movements, to be free to go where and when we wish, and the right to control and use our worldly possessions as we see fit. To place another in control of our person and our possessions deprives us of these basic rights. The law permitting such deprivation should be strictly construed and all requirements of the law strictly complied with." *Boockholdt,* supra, p. 739.

The jurisdiction of the ordinary, in issuing a commission to examine a person as to mental illness, competency, or the management of his estate, is limited; the proceedings are summary, and should be strictly construed. They must show on their face all facts essential to the ordinary's jurisdiction and strict compliance with the statute. *Milam v. Terrell,* 214 Ga. 199, 202 (104 SE2d 219); *Troutman v. Troutman,* 118 Ga. App. 2, 3 (162 SE2d 446) and cits.

"The individual dignity of the patient shall be respected at all times and upon all occasions, including any occasion wherein the patient is taken into custody, detained or transported. Except where required under conditions of extreme urgency, those procedures, facilities, vehicles, and restraining devices normally utilized for criminals or those accused of crime shall not be used in connection with the mentally ill. Mentally ill patients or those suspected of being mentally ill shall, to the maximum extent reasonably possible, be treated at all times as medical patients and their handling and treatment shall be under the supervision of a physician. Notwithstanding any other provision of law to the contrary, no person who is receiving or has received services for a mental disorder shall be deprived of any civil, political, personal, or property rights without due process of law. No right or privilege granted by this Chapter shall be denied any person." Code Ann. § 88-502.1 (Ga. L. 1969, pp. 505, 508).

The proceedings before the ordinary were a nullity. The judgment appointing the guardian was void and

subject to attack by any person at any time. Code §§ 110-701, 110-709.

The judgment of the superior court overruling the appellant's motion for judgment on the pleadings, is reversed.

*Judgment reversed. Bell C. J., Hall, P. J., Eberhardt, P. J., Deen, Quillian, Evans and Clark, JJ., concur. Pannell, J., dissents.*

SUBMITTED SEPTEMBER 5, 1973 — DECIDED MARCH 13, 1974.

*Jones, Kemp & Osteen, Charles M. Jones, Billy N. Jones,* for appellants.

*Cowart & Cowart, Dan S. Cowart,* for appellee.

PANNELL, Judge, dissenting.

My reasons for dissent are (1) the only question presented for decision to the trial judge was whether the pleadings on their face failed to show service upon the guardian ad litem. That is the only question this court, as a court for correction of errors can decide, that is, did the trial judge err in refusing to grant the motion for judgment on the pleadings on the grounds upon which movant-appellant expressly placed the motion? (2) The face of the pleading shows that the appointment of a guardian ad litem was improper as it appears that representatives had been appointed, as required by the statute, and they were duly and properly served or waived service, therefore, failure to serve an improperly and unnecessarily appointed guardian ad litem was not fatal.

I will, therefore, confine my remarks to these two reasons for affirming the trial judge.

After the dismissal of an appeal to the superior court from a proceeding for, and the appointment of, a guardian of the person and property of an alleged incompetent, because of the nonpayment of costs in the court below, a petition was brought by a next friend of the incompetent in the court of ordinary seeking to remove the guardian on the ground that because of certain procedural requirements allegedly not complied

with, the appointment of the guardian was a nullity. The guardian was ordered to show cause why the prayers of the petition should not be granted. Upon the hearing, the ordinary denied the petition for the removal of the guardian.

1. The petitioner appealed to the superior court and in that court made a motion for judgment on the pleadings on the following grounds: "1. The pleadings in said case show conclusively that Mrs. Gertrude H. Trapnell was not and has never, during the proceedings in Tattnall Court of Ordinary been before the Court of Ordinary of Tattnall County *in that* the pleadings in said court, which are now in this court, show on their face that the notice required by the applicable and controlling statutes have not been complied with *in that the guardian ad litem purportedly appointed to represent Mrs. Gertrude H. Trapnell, alleged incompetent, was never served with any notice as required by statute,* the alleged incompetent never having *therefore* been subject to the jurisdiction of the Court of Ordinary of Tattnall County, the entire proceedings and judgment of said Court of Ordinary being *therefore* mere nullity. 2. That the notice required by statute to be given of the hearing on the petition to have the alleged incompetent declared incompetent was not given, was not served on *the alleged purported guardian ad litem,* such notice was not waived, service of the notice and other proceedings was not acknowledged *by said purported guardian ad litem and it could not be waived."* (Emphasis supplied.) A mere reading of the motion and the grounds thereof show conclusively that the movant-appellant limited her motion to the ground that the pleadings on their face did not show service upon the guardian ad litem. It has long been the rule in both of our appellate courts that questions not raised in the trial court will not be reviewed on appeal.

"It is fundamental that this court is a court alone for the trial and correction of errors of law, that it has no original jurisdiction, and that it will decide no question on appeal not clearly presented and passed upon by the trial court. . . *Jackson v. Baker,* 207 Ga. 446, 448 (62 SE2d 162). Accordingly, where it is clear from the

·record before this court that" the motion for judgment on the pleadings was solely on the ground of lack of service or notice to the guardian ad litem, other grounds "though sought to be asserted in the grounds of enumerated error and argued in the brief of counsel before this court, will not be passed on." *Turk v. State Hwy. Dept.,* 226 Ga. 245 (1) (174 SE2d 791). See also *Harris v. State,* 114 Ga. 436 (3) (40 SE 315); *Fleming v. Roberts,* 114 Ga. 634 (2) (40 SE 792); *Carter v. Peoples Nat. Bank,* 109 Ga. 573 (1) (35 SE 61); *Moore v. Hanson,* 224 Ga. 482 (3) (162 SE2d 429); *Grimsley v. State,* 225 Ga. 567 (2) (170 SE2d 238). And while this court, in order to *affirm* a trial judge, may do so for a reason not pointed out, *Neal v. Davis Foundry &c. Works,* 131 Ga. 701, 706 (63 SE 221), this court will not do so for the purpose of *reversing* the trial judge.

2. The order of the ordinary in setting the matter for a hearing recites he has read the application, "and it appearing that the notice of the same as required by law has been given and no reason being offered to the contrary, it is ordered that the examination proceed according to law." While this may have been sufficient for the proceedings to show on the face a notice of the application to all the parties concerned, nothing shows on the face of the proceeding that a notice of the hearing was served upon the guardian ad litem, or that he acknowledged service. See *Edwards v. Lampkin,* 112 Ga. App. 128 (144 SE2d 119) based upon a prior statute.

In my opinion, however, under the procedure required and applicable to the present case, the appointment of a guardian ad litem and service of the proceedings and notice of hearing upon him was not required. Ga. L. 1969, pp. 505, 532 (Code Ann. § 88-507.3 (a)), governing the procedure here, contains the following: "The court of ordinary shall enter the names and addresses of representatives of the patient on the petition. The patient may designate one representative; a second representative or, in the absence of designation of one representative by the patient, two representatives shall be selected by the court, one of whom shall be selected from the following in the order of listing, other

than the person who executed the petition under section 88-507.2: the patient's legal guardian, spouse, an adult child, parent, attorney, adult next-of-kin, or adult friend. The second representative shall be selected from the above list without regard to the order of listing. The court shall make diligent efforts to secure names and addresses of two representatives for the patient as provided for herein. If the court is unable to secure such representatives after diligent search, that fact shall be entered in the record of the case, and the court shall appoint a guardian ad litem. Such guardian ad litem shall act as representative of the patient."

The application shows the names and addresses of two next of kin of the alleged incompetent residing in the State of Georgia, and they executed the following acknowledgment and waiver of service: "We, the undersigned, do hereby acknowledge due and legal service of the hearing on the application of W. Louie Smith as to the mental illness of Mrs. Gertrude H. Trapnell and we waive all further notice, including the ten days' notice, and consent that the hearing therein prayed for may proceed immediately, and further request that W. Louie Smith be appointed Guardian."

The majority reached the conclusion that the names and addresses of these two next of kin are meaningless, unless the proceedings show on the face that they were properly selected as representatives of the incompetent. I disagree. There is nothing in the statute which indicates this is necessary, and unless it is so required, we must assume the facts surrounding the placing of the names and addresses of the next of kin upon the application was sufficient to authorize their selection as representative No. 1, and representative No. 2. See *Barnes v. Underwood,* 54 Ga. 87 (1); *Barclay v. Kimsey,* 72 Ga. 725 (1); *Stuckey v. Watkins,* 112 Ga. 268 (1) (37 SE 401); *Jones v. Smith,* 120 Ga. 642 (1) (48 SE 134); *Franklin County v. Crow,* 128 Ga. 458 (3) (57 SE 784); *Hall v. Ewing,* 149 Ga. 693, 695 (101 SE 806).

The contrary not appearing, we could assume that either the alleged incompetent appointed both representatives, or that if she appointed only the first, the court of ordinary appointed the second. It is only

when no representative is named by the alleged incompetent that the court must appoint the first representative in the order of listing; and assuming this state of facts to be true, nothing in this record shows at that time either (in the order named in the statute) a legal guardian, spouse, parent, or attorney representing the alleged incompetent was in existence who could be appointed representatives. In this situation only the two representatives are required to be served with the notices, which would ordinarily in their absence have been required to be served upon a guardian ad litem. And the court not having admitted in the record that it was unable to secure such representatives as a condition precedent to the appointment of a guardian ad litem, the guardian ad litem was improperly and unnecessarily appointed and no service upon him was required.

Inasmuch as the motion for judgment on the pleadings is limited in its effect to a claim that the appointment of the guardian was void because the guardian ad litem had not been served with the necessary notices, and this was the only thing passed upon by the trial judge, we should not here concern ourselves with whether the proceedings below may have been defective for reasons not asserted in the motion made in the court below and ruled upon by the trial judge.

I would affirm the trial judge as to the matters upon which he ruled.