66698, 66701. RAY v. TATTNALL BANK; and vice versa.

McMURRAY, Presiding Judge.

This is a dispute between two creditors with reference to their respective rights to an alleged overage from the sale of a debtor's property by The Tattnall Bank in the foreclosure of a deed to secure debt held by it.

The plaintiff Howard O. Ray brought this action against The Tattnall Bank alleging that it had foreclosed and sold certain real property under the power of sale contained in the deed from their debtor (Bobby Ray) for the sum of $31,000 of which the defendant was entitled to recover under its note and deed to secure debt only the sum of $22,000 leaving an overage, and it has failed and refused to account to the plaintiff, a judgment creditor, for said excess. Plaintiff contends he has "a judgment lien against said property" in the

principal sum of $5,330.34, plus interest and costs. Plaintiff also alleged defendant had acted in bad faith, had been stubbornly litigious and put the plaintiff to unnecessary trouble and expense by failing and refusing to honor his judgment liens and in addition to the principal amount of the indebtedness and interest he sought punitive damages of $10,000 and attorney fees of $5,000.

The defendant answered the complaint admitting only that defendant is a banking corporation but otherwise denying the claim or at least neither admitting nor denying the averments therein with reference to its actions in foreclosing upon the property of the debtor and having any excess from same or as to any information with reference to plaintiff's claim of a judgment lien. Defendant also filed separate defenses that the judgment liens obtained by the plaintiff against the debtor were procured by fraud and misrepresentation upon the small claims court by knowingly representing to the court that the sums claimed had arisen out of separate causes of action in order to bring each of the actions within the jurisdictional limits of the small claims court and the judgments were therefore null and void having been rendered by a court which did not have jurisdiction.

By deposition the plaintiff disclosed that he was in the fertilizer, chemical and seed business as a self-employed farmer supplying said products to others and during the course of business he had certain dealings on open account with the debtor "Bobby Carl Ray." He maintained four separate accounts as to Ray two of which were individual (personal) accounts for separate years, the first being for 1978 as to goods sold although service charges were thereafter charged from April 30, 1978, through February 1980, and for 1979 for goods sold from March 13, 1979, to May 1979 with service charges thereafter through "2/30" (?), 1980. He also maintained two partnership accounts as to Ray and his partners during 1979 (March 9, 1979, to "2/31" (?), 1980, and another from March 12, 1979, to "2/30" (?), 1980). These accounts were maintained in this manner because the plaintiff contends in the deposition that he had to pledge the accounts as collateral to his fertilizer supplier.

In February 1980 he sought judgments by filing five separate claims in the Small Claims Court of Tattnall County against the defendant Bobby Ray, said court having jurisdiction of claims of $1,500 or less. He obtained judgments as follows: Case No. 80-230 in the amount of $1,305.25 (1978 account of Bobby Ray) plus court costs, dated "3-26-80"; Case No. 80-231 (for the sum due on a partnership account) in the amount of $906.27, plus court costs, dated "3-26-80"; Case No. 80-232 (another partnership account) for the sum of $1,401.12, plus court costs, dated "3-26-80"; Case No. 80-233 (for part balance on the account of the debtor) in the amount

of $1,500 (the claim showing a total balance of $1,645.70), dated "3-26-80"; Case No. 80-234 for $145.70, plus court costs (remaining balance of the $1,645.70 account), dated "3-26-80."

The plaintiff moved for summary judgment attaching his affidavit thereto, contending he is the holder of a superior judgment lien. He further contended that the defendant had sold the debtor's property at public outcry on October 6, 1981, at the price of $31,000 and "the indebtedness to defendant under said note and deed to secure debt" was only $22,000, hence defendant failed and refused to account to the affiant (plaintiff) for the excess funds for the satisfaction of his judgment lien as provided by law, and he was entitled to judgment as a matter of law.

The defendant responded by moving for summary judgment in its favor contending it was entitled to judgment as there were no genuine issues of material fact.

In opposition to defendant's motion plaintiff responded that the defendant had no standing to challenge the judgments and that there are questions of fact with reference to the amounts of each separate account and the separation of accounts. He also attached another affidavit wherein he set forth that the debtor (Bobby Carl Ray) had filed a petition for bankruptcy and all issues between the parties were fully litigated or could have been fully litigated in "the many adversary proceedings arising therefrom," and the judgments he had obtained in the small claims court were not stricken "nor was the validity of said judgment nor the jurisdiction of the Court challenged therein [and the issue] as to jurisdiction of the Court would have been res judicata between plaintiff and [the debtor] and his successors and assigns."

The motions for summary judgment came on for a hearing and the trial court made findings of fact with reference to the five judgments against the debtor by the plaintiff. The defendant had purchased the deed to secure debt held by another as to the real property and had forclosed same, and the sales price at the public sale was $31,000. However, the defendant had loaned other money subsequent to the liens and had another deed to secure debt on the aforementioned property of the debtor and had applied the remainder of the proceeds after the foreclosure to that deed to secure debt and no sums were applied to the debt evidenced by the judgment liens of the plaintiff. The trial court also determined the jurisdictional limits of the small claims court "at the time of the filing of the liens" was $1,500. The debtor had previously filed for bankruptcy and had obtained relief "under Chapter 7." The court then determined that the issues were whether the judgment liens were valid liens and enforceable against the defendant and did the

defendant have standing to attack the judgment liens held by the plaintiff and further had the defendant acted in bad faith and been stubbornly litigious so as to authorize an award of punitive damages and attorney fees. The trial court then concluded as a matter of law that the judgments shown above in Case Numbers 80-230 ($1,305.25), 80-233 ($1,500), and 80-234 ($145.70) resulted solely from the indebtedness of the debtor and were void and unenforceable in that the aggregate sum exceeded the jurisdictional limits of the Small Claims Court of Tattnall County. The court further held that a judgment rendered by a court without jurisdiction is a mere nullity, citing former Code Ann. § 81A-160 (f) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 239, 240; 1974, p. 1138) (now OCGA § 9-11-60 (f)); *Edwards v. Lampkin,* 112 Ga. App. 128 (144 SE2d 119); *The Central Bank of Georgia v. Gibson,* 11 Ga. 453; and *Ricks v. Liberty Loan Corp.,* 146 Ga. App. 594 (247 SE2d 133). The court held that the small claims court having rendered judgment beyond its jurisdiction, the judgment was void as to third persons and could be impeached whenever and wherever it is sought to be used as a valid judgment, citing in support thereof *The Central Bank of Georgia v. Gibson,* 11 Ga. 453, supra; *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (242 SE2d 32); *Lewis v. Lewis,* 228 Ga. 703 (187 SE2d 872); and *Simpson v. Bradley,* 189 Ga. 316 (5 SE2d 893). Therefore, the defendant had standing to attack same. The court concluded that the remaining judgments arose out of farming partnerships holding same were valid and enforceable, the same being Case Numbers 80-232 ($401.12) and 80-231 ($906.27).

In Case No. 66698 plaintiff appeals the granting of partial summary judgment to the defendant declaring the small claims court judgments in Case Numbers 80-230, 80-233 and 80-234 as void and unenforceable. In Case No. 66701 the defendant appeals the grant of partial summary judgment to the plaintiff declaring the small claims court judgments in Case Numbers 80-231 and 80-232 as valid and enforceable and granting judgment against the defendant in the principal amount of said judgments together with interest thereon. *Held:*

1. The judgment here under review was dated 10 February 1983. At that particular time the jurisdiction of the Small Claims Court of Tattnall County was $2,500 as established by Georgia Laws 1981, Volume II, p. 4587. However, the Small Claims Court of Tattnall County was created by Georgia Laws 1975, pp. 3684, 3685 in which the jurisdiction of the court was set forth as "cases at law in which the demand or value of the property involved does not exceed $1,500.00." The 1981 amendment was not remedial legislation requiring the trial court to accept the amendment as the law in considering the attack

upon the judgments. We, therefore, apply the law in effect at the time (1980) of the judgments, that is, the $1,500 limitation as to the demand.

First of all, the judgments are not void on their face and must be attacked by a direct proceeding. This would be the case here, after process and service, as an affirmative defense by the defendant to this action. See OCGA § 9-11-60 (a) (formerly Code Ann. § 81A-160 (a) (Ga. L. 1966, pp. 608, 662; 1967, pp. 226, 239, 240; 1974, p. 1138)). Under OCGA § 9-11-60 (f) (Code Ann. § 81A-160), supra, such an attack upon the judgment by a third party may be made at any time, whether at law or equity. See *The Central Bank of Georgia v. Gibson,* 11 Ga. 453 (1), 455, supra; *Mobley v. Mobley,* 9 Ga. 247 (2) (6), 250, 252; *Griffin v. Sketoe,* 30 Ga. 300 (4), 305 (3) (4); *Simpson v. Bradley,* 189 Ga. 316, 318, supra. Compare *Lewis v. Lewis,* 228 Ga. 703 (2), 704 (5), supra, (an equity case); *Canal Ins. Co. v. Cambron,* 240 Ga. 708, 710, supra, (an equity case); *First Fid. Ins. Corp. v. Busbia,* 128 Ga. App. 485, 486 (197 SE2d 396) (void judgment on its face); *Ricks v. Liberty Loan Corp.,* 146 Ga. App. 594, 595 (1), supra, (an action at law, the judgment being void on its face); *Edwards v. Lampkin,* 112 Ga. App. 128, supra, (lack of probate jurisdiction); *Trapnell v. Smith,* 131 Ga. App. 254, 256 (205 SE2d 875) (probate proceeding void on its face). Accordingly, we have for decision the issue as to whether or not the various small claims court judgments exceed the legal limit and are void based upon the alleged fraud to establish jurisdiction of the subject matter. See *Berry v. Consumer Credit of Valdosta,* 131 Ga. App. 147 (205 SE2d 533); *Georgia Railroad & Banking Co. v. Redwine,* 208 Ga. 261 (2), 262 (66 SE2d 234). The defendant here, a third party, was not a party to the judgment in the small claims court, but it may attack the judgment for fraud under OCGA § 9-11-60 (f) (Code Ann. § 81A-160), supra, in this action at law. We proceed to a determination of whether or not the small claims court judgments are void under the evidence submitted in this summary judgment proceeding.

2. In the findings of fact set forth in the judgment of the trial court it was stated that the defendant had subsequently loaned money to the debtor and secured said loan with a deed to secure debt on the aforementioned property of the debtor. It then purchased a deed to secure debt given by the debtor which was superior to the five small claims court judgments and foreclosed same in which the sale price at the public sale was $31,000. This was a pleading by the plaintiff which was denied by the defendant. However, an affidavit by the plaintiff was that the property was sold at public outcry for this price and the defendant had an indebtedness under said note and deed to secure debt of only $22,000. Under the evidence here this is

uncontroverted. The trial court then contended that the defendant applied the proceeds to this debt "and the remainder of the proceeds were then applied to the debt" (the subsequently loaned money to the debtor by the defendant), and that no sums were applied to the debt evidenced by the judgment liens of the plaintiff. We find no evidence in the record here with reference to this additional indebtedness. The trial court then refers to the fact that the debtor "had previously filed for bankruptcy and had obtained relief under Chapter 7." The only evidence in the record with reference to the bankruptcy of the debtor is the affidavit of the plaintiff that the debtor had filed a petition for bankruptcy in which the plaintiff contends that all issues between the parties (plaintiff and debtor) were fully litigated and the issue as to jurisdiction of the court (the bankruptcy court) would have been res judicata between the plaintiff and the debtor and his successors and assigns. No evidence as to the bankruptcy judgment is before the court other than the above, and we have no evidence as to the relief under Chapter 7 of the bankruptcy statute or any evidence as to same as to whether or not it would be res judicata. We do not presume the pleading before the trial court to be one to vacate and set aside the judgment in equity since the debtor is not named as a party to this proceeding. In order to make this an equity proceeding it would be necessary that he should have been made a party and served. See in this connection *Mobley v. Mobley,* 9 Ga. 247, supra; *Rodgers v. Evans,* 8 Ga. 143; *Towns v. Springer,* 9 Ga. 130; *Cowart v. Williams,* 34 Ga. 167, 172 (2). The defendant herein in its affirmative defense merely seeks to have the judgment set aside with reference to its defense in the case sub judice. We proceed further to consideration of the attack upon the judgments by a third party, the proceeding being merely one at law.

3. Our examination of the two small claims court judgments on the partnership accounts fails to show any evidence that same are void for lack of jurisdiction of the subject matter both being partnership accounts being less than $1,500 and within the jurisdiction of the small claims court. There is no evidence here that any jurisdiction was lacking as to the person or subject matter. The trial court did not err in holding that these two small claims judgments (No. 80-232, 80-231) are valid and enforceable and in granting judgment against defendant in the principal amount of said judgments together with interest not determined.

4. As to the small claims court judgment (Case No. 80-233) it shows on its face that the total balance of the account was $1,645.70, plaintiff seeking a $1,500 judgment within the jurisdiction of that court ($1,500). It then appears that Case No. 80-234 could be one as to the remaining balance due on the same 1979 account over and above

the $1,500 sought in Case No. 80-233. See in this connection *Berry v. Consumer Credit of Valdosta,* 124 Ga. App. 586, 587 (184 SE2d 694). Without further evidence we would not hold that this 1979 account (if, in fact the two judgments result from the same account) was an attempt to exceed the jurisdiction of the small claims court although a jury might so find. Plaintiff produced the written accounting for same in which it appears to be one and the same account reduced by chemicals of $117.60, plus $28.10 for "11 months s.c." (which we logically presume to be service charges), or $145.70.

The remaining judgment claim is based upon the personal account with the data for the 1978 year (Case No. 80-230), and it is less than the jurisdictional amount of the small claims court of $1,500. Nevertheless, these three judgments added together would exceed the $1,500 jurisdictional amount unless these accounts had been maintained in this manner due to the pledging of same as collateral as testified by the plaintiff in his deposition. The defendant at the deposition hearing had an opportunity for a thorough and sifting cross-examination with reference to same and failed to obtain admissions so as to demand judgment as granted by the trial court in which it determined these judgments to be void and unenforceable. See *Berry v. Consumer Credit of Valdosta,* 124 Ga. App. 586, 587, supra. Under the pleadings and the evidence here genuine issues of material fact remain for jury determination inasmuch as the evidence must be construed most strongly against the movant for summary judgment in the consideration of same. See *Holland v. Sanfax Corporation,* 106 Ga. App. 1 (1), 4-5 (126 SE2d 442); *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408). It was the duty of the moving party for summary judgment to present its case in full in order to pierce the pleadings and same has not been accomplished here. *Dunbar v. Green,* 229 Ga. 829, 830-831 (194 SE2d 435); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173).

Accordingly, the trial court erred in holding these particular small claims court judgments were void and unenforceable but did not err in failing to hold as a matter of law that said judgments were valid. The evidence does not demand a finding as a matter of law that the plaintiff's treatment of the personal accounts of the debtor were in any wise an attempt to procure judgments by fraud and misrepresentation upon the small claims court by filing these claims as separate causes of action to bring each action within the jurisdictional limits of the small claims court although a jury might so find from the evidence.

As to the two partnership claims, under the uncontroverted

evidence, the trial court did not err in ordering them to be held valid and enforceable and rendering judgment against defendant. The judgment in the main appeal is reversed and as to the cross appeal affirmed.

*Judgment reversed in Case No. 66698; and affirmed in Case No. 66701. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Richard D. Phillips,* for appellant.
*Glen A. Cheney,* for appellee.