Levy *vs.* Millman and others.

No. 31.—ARTHUR LEVY, plaintiff in error, *vs.* JOHN MILLMAN, JAMES DAWSON and MADISON B. BREEDLOVE, defendants.

[1.] Where an agent or attorney, in making an affidavit for an attachment process, swears *positively* to the indebtedness of the debtor to the creditor, it is no objection to the affidavit, although such agent or attorney may swear, under the Act of 1836, to the best of his belief as to such indebtedness, from the evidence in his possession.   The Act of 1836 is permissive, not compulsory.

[2.] To authorise a creditor to take out an attachment under the Act of 1799, he *must make an affidavit that his debtor "absconds,"* in the words of the Act, so that the ordinary process of the law cannot be served upon him. To swear his debtor *" has absconded,"* is not sufficient.

[3.] Before an attachment can issue, under the Act of 1799, bond and security, as required by that Act, must be given.

[4.] Attachments issued and levied, under the Act of 1799, must be advertised by the officer levying the same, at the Court House, in the County to which the same is made returnable, at least thirty days before the sitting of the Court.

[5.] Under the 2d section of the Act of 1816, attachments can only issue against a debtor for a debt *not due,* when the debtor is *about to remove* without the limits of this State.

[6.] Declarations in attachment must be filed at the first term of the Court to which the attachment is made returnable.

Rule *vs.* Sheriff, and motion to distribute money.  In Muscogee Superior Court, May Term, 1849.

John Millman, who was an attachment judgment creditor of Charles Huff, took a rule *nisi,* against the Sheriff of Muscogee County, to show cause why he should not pay over the amount due on the same.

The Sheriff made answer, stating the amount in his hands, and that the same was claimed by four different *fi. fas*—one founded on attachment in favor of Millman, and the others on attachments in favor of James Dawson, John B. Breedlove and Arthur Levy.

By an order of the Court, Dawson, Breedlove and Levy were made parties to the proceeding; whereupon Levy, being a junior attachment creditor, moved the Court to quash the attachment judgment of Millman, Dawson and Breedlove, "for matters apparent on the face thereof."

The objections to the judgment of Millman were,

1. That the affidavit was made by the attorney at law, who does not swear "to the best of his knowledge and belief, from evidence in his possession."

2. That the affidavit states that the defendant "*has absconded.*"

3. Because the affidavit and bond are dated 14th February, 1849, and the attachment is dated 14th February, 1840; and because the attachment is returnable to *May* Term of the Superior Court of Muscogee County, when, in fact, in 1840, there was no such term of that Court.

4. Because there is no evidence of record to show that the levy was advertised as required by law.

The objections to the judgment in favor of Dawson were,

1. That the affidavit was made by an agent, who did not swear "to the best of his knowledge and belief, from evidence in his possession."

2. That the affidavit was for "the sum of five hundred dollars, for rent of a store house from 1st October, 1847, to 1st October, 1848, *payable quarterly.*" The ground of issuing the attachment was, that the defendant was "*about to remove* without the limits of the State," and the debt was not due; whereas, in fact, at the date of the affidavit, 12th February, 1848, one quarter's rent was due.

The objections to the judgment in favor of Breedlove were,

1. That the affidavit is made by an attorney in fact, who does not swear "to the best of his knowledge and belief, from evidence in his possession."

2. That the declaration was not filed at the first term, as required by law.

3. That the levying officer did not advertise his proceedings, as required by law, so far as the record shows.

The Court below overruled the objections to the several judgments, and Levy excepted, and sued out a writ of error, making thereto as parties defendant, Millman, Dawson and Breedlove.

Downing, for plaintiff in error.

James Johnson, for defendants..

Levy *vs.* Millman and others.

*By the Court*—WARNER, J. delivering the opinion.

The error assigned to the judgment of the Court below. is, in overruling the objections to the attachments of Millman, Dawson and Breedlove, made by Levy, the plaintiff in error, who was a junior attachment creditor.

[1.] The first objection is to the affidavit of the . attorney at law of the creditor, *in which it is stated that Charles Huff*, the debtor, is justly indebted to John Millman in the sum of three hundred and sixty dollars. The objection is, that the attorney does not state that Huff is justly indebted to Millman the sum aforesaid, *from the evidence in his possession.* The Act of 1836, which authorizes agents, attorneys in fact, or at law, to swear that the debtor was indebted to their principal a certain sum, to the best of their belief, from the evidence in their possession, was a relaxation of the old rule, in order to obviate the scruples which a conscientious agent or attorney might have to making oath that the debtor was *absolutely* indebted to his principal any certain amount of money, when he had no knowledge of the fact of such indebtedness, except from the evidence in his possession. *Prince,* 41. If the affidavit would be sufficient, with the *qualification* authorised by the Act of 1836, there can be no objection to it, where the agent or attorney swears *positively* the amount stated in the affidavit, is *absolutely* .due from the debtor to the creditor, without any qualification. The objection is, that the affidavit of the attorney in this case is *more positive* and *certain* than the Statute of 1836 requires, as *to the indebtedness of the debtor to the* creditor. The Court below properly overruled this objection to all the affidavits made by the agents or attorneys of the attachment creditors.

[2.] The next objection to the affidavit made in Millman's attachment is, that the attorney of the creditor swears that the debtor, Charles Huff, *"has absconded,"* when the Statute only authorizes an attachment to issue where the debtor *"absconds."*

The second section of the Act of 1799 authorizes an attachment to issue upon complaint made on oath, that a debtor resides out of this State, or is actually removing without the limits .of this State, or any county, or *absconds,* or conceals himself, or stands in defiance of a peace officer, so that the ordinary process

VOL. VII.   22

of law *cannot be served upon him.  Prince,* 31.   The process of attachment is a  summary remedy  given by Statute to the credi- tor, and must be construed *strictly.*

The Statute gives the remedy to the creditor when his debtor *"absconds,"* at *the time* of making the affidavit for the  process of attachment, so that the ordinary process of the law *cannot be served upon him ;* not when he  *" has absconded"* some weeks or months previous to the time of making the affidavit.   The Court below erred in not sustaining this objection.

[3.] The  next objection to Millman's  attachment  is, that the bond and affidavit bear date 14th February, 1849, and the attach- ment is dated 14th February, 1840 ; and because the attachment is returnable to May Term of the Superior Court of Muscogee, when in fact, in 1840, there was no such term of that Court. This is also a fatal objection to  the attachment.   The Statute of 1799 requires, that before any attachment shall be granted, the Judge or Justice granting the same, shall take bond and security for the indemnity of the defendant, as therein  specified.   *Prince,* 31. From the face of the record before us, it appears there was no bond given at the time the attachment issued.   It was said on the argument, that the discrepancy in the dates is owing to the *omis- sion* of the party, or his attorney, to fill up the blank left in the printed form of the attachment, with the proper date.   How that may have been we cannot say, but must be governed by the re- cord, as certified to us as it existed in the Court below.

[4.] The next objection to Millman's attachment is, that it does not appear that the officer authorized to serve the same, *advertised* his proceedings, as required by the Statute.   The Statute of 1799, before cited, provides that every attachment which may be issued according to  the  provisions of that Act, shall be attested by the Judge or Justice issuing the same, and be, by the Sheriff or per- son authorized to serve the same, *publicly advertised at the Court House of the County,* at least thirty days before the sitting of the Court.   *Prince,* 31.   There is no evidence in the record, that this requisition of the Statute has been complied with ; and the ob- jection to the attachment on this ground, ought to have been sus- tained, for the  reason that the Statute of 1799, which authorizes the process of attachment to issue, and which prescribes the man- ner the same shall issue and  be  returned, also declares  that " all attachments issued and returned in any other manner than is here-

Levy *vs.* Millman and others.

inbefore directed, shall be, and the same are declared to be *null and void.* *Prince,* 31, '2. The Statute speaks like a tyrant, and must be obeyed.

[5.] The objection to the affidavit made in Dawson's attachment is, that the remedy is sought under the provisions of the Act of 1816, where the *debt is not due* ; and it appears upon the face of the affidavit, that a part of the debt *was due* at the time the affidavit was made. By the 2d section of the Act of 1816, it is provided, where a debt is not due, and the debtor is removing, or is about to remove without the limits of this State, on oath being made of that fact by the creditor, his agent or attorney, and also of the amount of the debt to become due, an attachment may issue against the property of such debtor. *Prince,* 35.

The affidavit for the process of attachment states, that Huff is indebted to Dawson the sum of five hundred dollars, for rent of a store house, from 1st October, 1847 to the 1st October, 1848, payable quarterly ; and that said Huff is *about to remove* without the limits of this State, so that the ordinary process of law cannot be served upon him. This affidavit is dated 12th February, 1848. The rent was payable quarterly for the storehouse, so that, at the time of taking out the attachment, one quarter of the rent was due, and payable by the terms of the contract, and the other three quarters were not due and payable at that time. The plaintiff in attachment was entitled to his remedy against the property of his debtor, under the Act of 1816, for so much of his demand as was not due at the time of suing out the attachment, but was not entitled to his remedy, under that Act, for the amount of his rent then actually due. For so much of his debt, then, as was *not due* at the time of suing out the attachment, the same is good and valid, and for no more ; and to that extent he is entitled to have the money in Court paid to his attachment.

There were two objections to the attachment of Breedlove, besidesthe objection to the affidavit, as to his belief, from the evidence in the possession of the agent.

[6.] First, that the declaration, founded on the process of attachment, was not filed at the first term of the Court to which the attachment was made returnable. Second, that the officer serving the attachment did not *advertise* his proceedings, as required by the Statute of 1799. In *Birdsong and Sledge vs. Brooks,* decided during the present term of the Court, we held that the declara-

tion must be filed at the first term of the Court; that the word *may*, in the Act of 1838, should be construed to mean *shall*. What we have before said with regard to the requisition of the Statute as to the duty of the officer serving the attachment, to *advertise* the same, in considering the same objection to Millman's attachment, as well as the *imperative* language of the Statute of 1799, it is not necessary to again repeat. This last objection is fatal to Breedlove's attachment, and ought to have been sustained.

Let the judgment of the Court below be reversed, with instructions as to Dawson's attachment, in conformity with the judgment of this Court.