Brown & Sanford vs. McCluskey.

-- --------- ------ --- - ------

BROWN & SANFORD, plaintiffs in error, vs. JOHN L. McCLUSKEY, defendant in error.

To authorize a creditor to take out an attachment, either under the Judiciary Act of 1799, or the Attachment Law of 1856, the creditor must swear that his debtor "absconds," To swear that he has absconded, is not sufficient.

An affidavit in attachment cannot be amended.

Certiorari, in Hall Superior Court. Decided by Judge HUTCHINS, at September Term, 1858.

Brown & Sanford sued out an attachment against McCluskey, returnable to the Inferior Court of Hall county, at January Term, 1858. At said Term of the Inferior Court, McCluskey moved to dismiss the attachment, because the affidavit stated, as the ground for suing out the attachment, that the defendant "*has absconded.*" Plaintiffs moved to amend the affidavit, by inserting in lieu of the words "has absconded," the word "absconds"—they being in Court, and ready to verify said amendment. The Court refused the amendment, and dismissed the attachment. Plaintiffs excepted; and the case being brought up by *certiorari,* before the Superior Court, that Court affirmed the judgment of the Inferior Court, and dismissed the *certiorari,* and plaintiffs except.

E. M. JOHNSON, for plaintiffs in error.

LAW, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

There are two questions in this case:

1st. Is the affidavit in attachment good as it stands ?    The creditor swears that his debtor " has absconded." An oath in this form was held, by this Court, to be insufficent, in *Levy vs. Millman and others*, (7 *Ga. Rep.* 167.)    The Attachment Act requires the plaintiff to swear that he " absconds." To say that the defendant " has absconded," may relate to the past; and at the time the deposition is made, he may have a notorious residence in the State.    True, it is added, "so that the ordinary process of law cannot be served upon him."    But this is a deduction or conclusion, from the fact previously stated.

2d. Can the affidavit be amended ?    It is difficult to conceive how an oath, which is a necessary preliminary step, can be changed so as to sustain any proceeding which is based upon it.    It is true, that the Attachment Law of 1855·—56 provides that no attachment shall be void in consequence of a failure to comply with the forms therein prescribed; still, the right to amend would seem to be restricted to the " attachment," " bond," " declaration" and "return" of the levying officer.    The omission of the affidavit is significant, and must mean something.

Judgment affirmed.