## FORBES PIANO COMPANY *v.* OWENS *et al.*

1. An attachment in a suit to recover $100, besides interest and attorney's fees, is not within the jurisdiction of a justice's court, and the justice presiding therein has no power to allow an amendment to the pleadings in such a proceeding.
2. It is not a ground of attachment in this State that the defendant "has left the county." An attachment issued on such a ground is fatally defective and can not be amended; and even if this were not so, the addition, after the words quoted, of the words "and absconded" would not cure the defect in the attachment.
3. Where, on the trial of a writ of certiorari from the judgment of a justice's court, it appears that the magistrate has entertained jurisdiction of an attachment involving more than $100, including attorney's fees; that the attachment was based on the ground mentioned in the last preceding headnote; and that the magistrate refused to dismiss the attachment on motion of the complaining party, but allowed the plaintiff to amend, the judge of the superior court should sustain the certiorari unconditionally and render final judgment in favor of the plaintiff therein.

Argued May 24, — Decided June 10, 1904.

Certiorari. Before Judge Fite. Gordon superior court. August 27, 1903.

*H. F. Sharp* and *M. B. Eubanks*, for plaintiff in error.
*Starr & Erwin*, contra.

CANDLER, J.   In a justice's court in Gordon county, Owens et al. sued out an attachment against Fields, the ground of attachment being that Fields "has left this county," and the indebtedness alleged as the basis of the suit being $100, besides interest and attorney's fees.   This attachment was levied on a piano as the property of the defendant, and a claim to the property was filed by the plaintiff in error, the E. E. Forbes Piano Company. On the trial of the claim case before the justice, the claimant moved to dismiss the attachment, because the affidavit on which it was based set out no ground of attachment under the laws of Georgia.   This motion was overruled, and the plaintiffs were allowed, over objection of the claimant, to amend the attachment by inserting after the words "has left this county" the words "and absconded."   The jury in the justice's court found the property subject to the attachment, and the claimant took the case by certiorari to the superior court.   The bill of exceptions recites that the judge of the superior court passed an order "sustaining the judgment of the justice of the peace allowing the amendment to the attachment affidavit, . . and reversing the verdict complained of, on the grounds that the amount claimed, including attorney's fees, exceeded one hundred dollars; and ordered a new trial in said case, and directed the justice issuing the attachment to amend the same so as to make it returnable to the next term of Gordon superior court."     Error is assigned upon "so much of said judgment as affirms the judgment of the magistrate in allowing the amendment to the attachment affidavit, and that part of the judgment directing the magistrate to so amend the affidavit and attachment as to make it returnable to the next term of Gordon superior court."

The amount in controversy, including attorney's fees, being greater than $100, it is clear that the magistrate had no jurisdiction to entertain the suit or to try the claim filed to the property in dispute.   Being without jurisdiction, it follows that he could not legally allow an amendment to the pleadings in the case.   The attachment should have been made returnable to the superior court in the first instance; and in that court any proper amendment could have been offered and allowed.   Be that as it may,

however, it is clear, from the answer of the magistrate to the writ of certiorari, that the affidavit and attachment in the first instance were fatally defective and not subject to amendment, and that even as amended the attachment should have been dismissed. There is no law in this State which authorizes the issuance of an attachment on the ground that the defendant " has left the county " in which the proceeding is brought. Attachment may issue to seize the property of one who " is actually removing, or about to remove, without the limits of the county," but that is not this case. Originally, therefore, the attachment in this case was invalid, whether returnable to the superior court or the justice's court, because issued on a ground which the law does not recognize as a foundation for the writ. In effect, then, there was no attachment before the court, and consequently nothing to amend. However, taking as we must the magistrate's answer as stating the truth of the proceedings in his court, the attachment was in no better condition after amendment than before. According to that answer, the attachment as amended was upon the ground that the defendant " has left this county and absconded." Attachment is a summary remedy, and must be strictly construed and pursued; and it has been held that an attachment is fatally defective which alleges as the ground for its issuance that the defendant " has absconded." *Levy* v. *Millman,* 7 *Ga.* 167; *Brown* v. *McCluskey,* 26 *Ga.* 577. See also *Deupree* v. *Eisenach,* 9 *Ga.* 599; *DeLeon* v. *Heller,* 77 *Ga.* 740 (2b). In any view of the case, therefore, the magistrate should have dismissed the attachment; and the judge of the superior court, on certiorari, should not have sent the case back to the magistrate, but should have rendered final judgment in favor of the plaintiff in certiorari, in accordance with the principles here announced.

*Judgment reversed. All the Justices concur.*