## 46480.   BERRY v. CONSUMER CREDIT OF VALDOSTA.

PANNELL, Judge. This is an appeal to this court from the denial by the Judge of the Superior Court of Lanier County, Georgia, of an appeal to that court from the small claims court of Lanier County under Section 20 of the Act of 1967 (Ga. L. 1967, pp. 2624, 2631) which section reads as follows: "Appeals may be had from judgments rendered in a small claims court, to the superior court, by the party desiring to appeal. Said party shall first pay all costs then due. Said party must then file in the superior court a written appeal which shall include the name and number of the case in the small claims court stating his grounds for appeal, which grounds must first be heard before the judge of the superior court. If after a full hearing the

grounds for appeal are denied, said party shall have the right to appeal to a higher court in the same manner as other decisions of the superior court are appealed." The primary question presented for decision is whether in a small claims court the plaintiff could voluntarily reduce the amount of an account so as to give that court jurisdiction. That court has "civil jurisdiction in all cases at law in which the principal amount of the demand or damages claimed or value of the property involved does not exceed five hundred dollars ($500)." Section 1 of the Act of 1967, supra. *Held:*

Where, as in the present case, the sworn statement of account attached to the summons shows a claim in excess of the jurisdiction of the court, although the summons issue for an amount within the jurisdiction of the court and where the plaintiff admits it voluntarily reduced the amount of the claim, the court had no jurisdiction of the suit on account. See in this connection *Cox, Hill & Thompson v. Stanton,* 58 Ga. 406; *Velvin v. Hall,* 78 Ga. 136; *Rimes v. Williams,* 99 Ga. 281 (2) (25 SE 685); *Forbes Piano Co. v. Owens,* 120 Ga. 449 (1) (47 SE 938). The judge of the superior court erred in denying the appeal.

In reaching the decision in this case, we have pretermitted any question as to whether the proper procedure was appeal under the Act of 1967 or certiorari under *Code* § 19-203, and we have pretermitted any question as to the constitutionality of Section 20 of the Act of 1967, supra, since this court may on its own motion reverse where the judgment of the court (the small claims court) is void for lack of jurisdiction of the court rendering the same. *Pope v. Jones,* 79 Ga. 487 (4 SE 860); *Adams v. Payne,* 219 Ga. 638, 640 (135 SE2d 423); *Code* § 110-709.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*
Submitted September 8, 1971—Decided October 13, 1971.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.