## 59501. CHAMPION et al. v. RAKES.

SOGNIER, Judge.

This is an appeal from a judgment of the State Court of Cobb County awarding Rakes $2,000 general damages and $4,000 punitive damages. Appellants, Ricky Joe and Marie S. Champion, filed a motion to set aside the judgment pursuant to Code Ann. § 81A-160 (d) on the ground that the trial court lacked jurisdiction over the subject matter of this case. The trial court denied the motion and the Champions appeal.

Rakes filed suit on August 24, 1978 seeking $10,000 damages for personal injury and $25,000 for the willful and malicious conduct of the Champions, and as a deterrent to such conduct by them in the future. On July 17, 1979 the jury returned a verdict in favor of Rakes for $2,000 general damages and $4,000 punitive damages.

At the time Rakes filed suit the jurisdictional limit of the State Court of Cobb County in personal injury cases was $25,000 (Ga. L. 1977, pp. 3188-3190); at the time the verdict was returned and judgment was entered, the jurisdictional limits in such cases had been removed (Ga. L. 1979, pp. 3481-3483). Thus, we are confronted with a question of whether a court which had no jurisdiction of the subject matter when suit was filed can obtain jurisdiction by rendering a judgment which is within such court's jurisdiction. While there appear to be no cases on this specific factual situation, we believe the lack of jurisdiction at the time of filing is determinative of the issue. Code Ann. § 24-112 provides: "Parties, by consent express or implied, may not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, in so far as the rights of the parties are concerned, but not so as to prejudice third persons." In interpreting this section the Georgia Supreme Court has held that the last sentence does not mean that parties, by agreement or waiver, can confer jurisdiction of subject matter on the court, and that as to the subject matter the court is limited by the powers conferred upon it by law. *Dix v. Dix,* 132 Ga. 630, 632 (64 SE 790) (1909). Georgia Laws 1977, Volume II, page 3190 provides, in pertinent part: "The State Court of Cobb County . . . shall have jurisdiction to try and dispose of all civil . . . cases regardless of their

nature, except cases of injury to the person in which the total amount *sued for* [emphasis ours] in the petition . . . shall exceed $25,000.00. . ." The plain meaning of such language is that the jurisdiction of the court is determined by the amount sued for; thus, the amount of the judgment would play no part in determining whether the court had subject matter jurisdiction. This view is supported by case law, for the Supreme Court has held that "[i]t is the amount of damages laid in the declaration that fixes the jurisdiction, and not the verdict of the jury. [Cits.]" *Giles v. Spinks,* 64 Ga. 206, 207 (1) (1879). Further, jurisdiction of the subject matter cannot be waived, consent cannot confer jurisdiction and the lack of jurisdiction can be taken advantage of at any time. *McKenzie v. Perdue,* 67 Ga. App. 202, 215 (3) (19 SE2d 765) (1942). See also *Dix v. Dix,* supra; *King v. King,* 203 Ga. 811, 817 (2) (48 SE2d 465) (1948). Lastly, we note that our court has held that jurisdiction of the subject matter is given only by law, *Griffin v. Nix,* 33 Ga. App. 136 (125 SE 732) (1924), and a judgment on a matter not within the jurisdiction of the court is void at all times. *McKenzie v. Perdue,* supra, at 215. "[T]he power of the court over the subject-matter is a sine qua non to a valid judgment, and may not be waived by consent of the parties." *Robinson v. Attapulgus Clay Co.,* 55 Ga. App. 141, 144 (189 SE 555) (1937).

It is apparent from the foregoing cases that it is the amount of damages *sued* for, not the amount of the judgment, that fixes the jurisdiction, and a judgment on a matter not within the jurisdiction of the court is void *at all times.* Further, as the power of the court over the subject matter is a prerequisite to a valid judgment, and the court in the instant case had no jurisdiction over the subject matter, the judgment is void. Finally, filing suit in an amount exceeding a court's jurisdiction is a non-amendable defect and thus, the court has no subject matter jurisdiction. *Forbes Piano Co. v. Owens,* 120 Ga. 449, 450 (47 SE 938) (1904); *Berry v. Consumer Credit of Valdosta,* 124 Ga. App. 586, 587 (184 SE2d 694) (1971). Accordingly, it was error for the trial court to deny appellant's motion to set aside the judgment for lack of jurisdiction.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 7, 1980 — DECIDED JUNE 20, 1980 — REHEARING DENIED JULY 2, 1980 —

*Thomas E. Maddox, Jr.,* for appellants.
*Douglas R. Haynie,* for appellee.