616 So.2d 488 (1993)
FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for First Commercial Bank of Florida, Appellant,
v.
FLEET CREDIT CORPORATION, Appellee.
No. 91-1202.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Adorno & Zeder and Brian K. Goodkind and Amber E. Donner, Coconut Grove, and Gregory Gore, Sebastian, for appellant.
Gary Barcus, Miami, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
We reverse the summary judgment entered in favor of a garnishor on a claim that its judgment lien was superior to the garnishee-bank's security interest in a certificate of deposit pledged by its customer as security for a loan. Without reaching the merits, we conclude that the circuit court was without subject matter jurisdiction over the case after the bank was declared insolvent and the Federal Deposit Insurance Corporation appointed as receiver. See FDIC v. Shain, Schaffer & Rafanello, 944 F.2d 129, 132 (3d Cir.1991) (federal statutory framework provides exclusive remedy for claims against the assets of a failed bank).
We held accordingly, in Department of Ins. v. FDIC, 610 So.2d 695, 696 (Fla. 3d DCA 1992), that claims against a failed bank, after the FDIC has been appointed receiver, "must be commenced or continued in the United States District Court for the district within which the depository institution's *489 principal place of business is located or in the United States District Court for the District of Columbia. 12 U.S.C. § 1821(d)(6)(A) (1989 & Supp. 1992)."
Reversed and remanded for further consistent proceedings.