695 So.2d 1282 (1997)
FEDAN CORPORATION a/k/a Fedan Tire and Henry Echeverria, Appellants,
v.
Milva REINA, Appellee.
No. 97-1362.
District Court of Appeal of Florida, Third District.
June 25, 1997.
Manuel Vega Jr., Miami; Lauri Waldman Ross, Miami, for appellants.
Goldstein & Tanen and Lauren L. Garner and Susan E. Trench, Miami, for appellee.
Before NESBITT, GREEN and SORONDO, JJ.
NESBITT, Judge.
Defendants-appellants appeal a non-final order denying their motion to vacate a judgment. We reverse.
Milva Reina filed suit against the defendants in the circuit court in November 1994. Reina's complaint alleged in pertinent part: "This is an action for damages that exceed $10,000.00 as to the plaintiff." Ultimately, the trial court entered a default on liability against the defendants. After a jury trial on damages at which the defendants did not appear, the trial court, on December 17, 1996, entered a judgment in Reina's favor for $250,000. On April 18, 1997, the defendants filed a motion for relief from the judgment. They argued that the judgment was void as the court lacked subject matter jurisdiction over a complaint that alleged an amount in controversy insufficient to confer jurisdiction on the circuit court. The trial court denied the motion, and this appeal followed.
As of July 1, 1992, the circuit courts have jurisdiction of all actions at law where the matter in controversy exceeds the sum of $15,000, exclusive of interest, costs, and attorney's fees. See §§ 26.012(2)(a), 34.01(c)4, Fla. Stat. (1995). Where the court's jurisdiction is based on the amount in controversy, "[t]he test to determine the jurisdiction of the court is the amount in good faith claimed or put in controversy when the action is commenced." Soler v. Independent Fire Ins. Co., 625 So.2d 905, 906 (Fla. 3d DCA 1993)(internal quotations and citations omitted).
*1283 When Reina commenced this action, she claimed that her damages exceeded $10,000.[1] The circuit court has jurisdiction where the minimum amount claimed, exclusive of interest, costs, and attorney's fees, is greater than the maximum amount of the county court's jurisdiction. See Caudell v. Leventis, 43 So.2d 853, 854 (Fla.1950). Given her allegation, the minimum amount of damages claimed by Reina was $10,000.01. That amount was clearly not within the circuit court's subject matter jurisdiction. Thus, the judgment rendered by the court is void. See Malone v. Meres, 91 Fla. 709, 724, 109 So. 677, 683 (1926). The fact that the circuit court ultimately entered a judgment for an amount that was within its jurisdiction is irrelevant, as a judgment entered where the court lacks subject matter jurisdiction is a nullity. Id.[2]
Consequently, we reverse the order denying the defendants' motion to vacate the judgment and remand with directions to vacate the subject judgment.
NOTES
[1] No amendment was ever made to the complaint, and no amended complaint was ever filed.
[2] In Champion v. Rakes, 155 Ga.App. 134, 270 S.E.2d 272 (1980), a Georgia appellate court was "confronted with a question of whether a court which had no jurisdiction of the subject matter when suit was filed can obtain jurisdiction by rendering a judgment which is within such court's jurisdiction." In a persuasive analysis of the problem, the court answered the question in the negative.