SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Paul A. BILZERIAN, Defendant.

No. CIV. A. 89–1854 SSH.

United States District Court,
District of Columbia.

Dec. 22, 2000.

Judith R. Starr, Securities & Exchange
Commission, Division of Enforcement,
Washington, DC, for Plaintiff.

Paul A. Bilzerian Tampa, FL, Pro se.

## ORDER APPOINTING RECEIVER

STANLEY S. HARRIS, District Judge.

The Court having entered judgment
against Paul A. Bilzerian ("Bilzerian") on
January 28, 1993, and June 25, 1993, or-
dering him to disgorge $33,140,787.07 in
unlawful profits and $29,196,813.46 in pre-
judgment interest;

The Court having found Bilzerian in con-
tempt of those 1993 judgments on August
21, 2000;

The Court finding in the exercise of its
equitable discretion under the federal se-
curities laws that the appointment of a
receiver over the assets of Bilzerian is
necessary and appropriate to effectuate
the purposes of the judgment in this case
and the federal securities laws, and that,
on the record before it, prior notice of the
Securities and Exchange Commission's
("the Commission") application likely
would result in actions by Bilzerian and
those acting in concert or participation
with him to undermine the efficacy of the
relief sought;

### I.

IT IS HEREBY ORDERED AD-
JUDGED AND DECREED that, pursu-
ant to, among other things, the Court's
equitable powers, 28 U.S.C. § 754, and
Fed.R.Civ.P. 66, Deborah R. Meshulam of
the law firm of Piper Marbury Rudnick &
Wolfe LLP is appointed Receiver of the
Receivership Estate (defined below), in-
cluding the assets of Paul A. Bilzerian for
the purpose of identifying, marshalling, re-
ceiving and liquidating his assets to satisfy
the disgorgement judgments, and for no
other purpose, nor shall the Receiver be
responsible for any other liabilities of Bil-
zerian.

### II.

IT IS FURTHER ORDERED, AD-
JUDGED AND DECREED that there is
hereby created the Securities and Ex-
change Commission v. Paul A. Bilzerian, et
al., Civil Action No. 89–1854(SSH) Receiv-
ership Estate (hereinafter, the "Receiver-
ship Estate"); such Receivership Estate
shall be comprised of the assets currently
held in the Registry of the Court in this
case, as well as the legal and/or equitable
interests (whether direct or indirect, tangi-

ble or intangible) of Defendant Bilzerian in assets, wherever situated and by whomever held ("Property"), including, but not limited to, the following: the "Bilzerian Related Entities," defined to mean entities or assets in which this Court finds or has found that Bilzerian has an interest, including but not limited to The Paul A. Bilzerian and Terri L. Steffan Revocable Trust of 1995, Overseas Holding Company, Bicoastal Holding Company, Overseas Holdings Limited Partnership; and The Paul A. Bilzerian and Terri L. Steffan Irrevocable Trust of 1994.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Receiver shall take and maintain complete and exclusive control, possession and custody of Bilzerian's assets wherever situated, with the powers set forth herein, including powers over all assets, premises, choses in action, books and records and other Property in which Bilzerian has any direct or indirect beneficial interest, and the Receiver is hereby authorized, empowered and directed:

a. to have exclusive control of, and to be substituted as the sole authorized signatory for, all accounts as to which Bilzerian has signature authority at any bank, brokerage firm, financial institution or other entity that has possession, custody or control of any assets or funds of Bilzerian, wherever situated;

b. to take such actions as are necessary and appropriate to identify, recover, preserve, take control of and prevent the dissipation, concealment or disposition of any assets of Bilzerian, and to liquidate any interest in any asset held by anyone on behalf of Bilzerian, including but not limited to the initiation and prosecution of litigation against others to recover such asset and/or interests in asset on behalf of the Receivership Estate;

c. to make or authorize such payments and disbursements from the assets taken into control, or thereafter received by her, and to incur, or authorize the incurring of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging her duties as Receiver; and

d. to engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder.

### IV.

In connection with the appointment of the Receiver provided for above, it is further ORDERED, ADJUDGED AND DECREED that:

a. Defendant Bilzerian, his agents, servants, employees, trustees, attorneys, attorneys-in-fact, successors, assigns and any other persons who are in custody or have possession or control of any assets, books, records or other property of Bilzerian or in which this Court has found Bilzerian has an interest, including the Bilzerian–Related Entities, and their officers, trustees, directors, agents, servants, employees, attorneys, attorneys-in-fact, successors and assigns, and any person or entity in concert or participation with them who receive notice of this Order, shall forthwith give access to such assets, books, records or other property to the Receiver;

b. Defendant Bilzerian, his agents, servants, employees, trustees, attorneys, attorneys-in-fact, successors, assigns, and any other persons or entities who are in custody or have possession or control of any assets, funds or accounts, and who receive notice of this Order, shall forthwith grant to the Receiver authorization to be a signatory as to all accounts

at banks, brokerage firms, financial institutions, or other entities that have possession, custody, or control of any assets, funds or accounts held in the name of or for the benefit of Bilzerian;

c. All banks, brokerage firms, financial institutions, and other entities that have possession, custody or control of any assets, funds, or accounts in the name, or for the benefit, of Bilzerian who receive notice of this Order shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets, funds and accounts to the Receiver;

d. Defendant Bilzerian and the Bilzerian–Related Entities, their officers, trustees, directors, agents, servants, employees, attorneys, attorneys-in-fact, successors, assigns and any person or entity in concert or participation with them who receive notice of this Order shall take no action to hinder, delay, obstruct or otherwise interfere with the Receiver in the conduct of her duties;

e. This Court shall have exclusive jurisdiction over the Receivership Estate. No person or entity shall bring any claim against the Receiver or the Receivership Estate in any forum other than this Court, or interfere in any way with this Court's exclusive jurisdiction;

f. All costs, fees and expenses of the Receiver in connection with the performance of her duties herein, including the costs, fees and expenses of those persons or entities engaged or employed by the Receiver to assist her, shall be paid from the assets held in the Registry of the Court in this case. All applications for costs, fees, and expenses for services rendered in connection with the Receivership shall be made by application to this Court, with service on the Securities and Exchange Commis-

sion, setting forth in reasonable detail the nature of the services. In order to protect the attorney-client or other applicable privileges and to preserve the confidentiality of attorney work product, such fee applications may be filed under seal.

g. No bond shall be required in connection with the appointment of the Receiver. Except for bad faith act of willful or reckless misconduct, the Receiver and those persons or entities engaged or employed by the Receiver to assist her, shall not be liable for, and shall be indemnified from the Receivership Estate against, any claim for loss or damage incurred by the Bilzerian, the Bilzerian-related entities, their officers, trustees, directors, agents, employees, servants, attorneys, attorneys-in-fact, successors, assigns or any other person or entity, by reason of any act performed or omitted to be performed by the Receiver and for those persons or entities engaged or employed by the Receiver to assist her in connection with the discharge of her duties and responsibilities hereunder.

h. Upon application by the Receiver, all costs, fees and expenses incurred in connection with the defense of any claim for loss or damage by reason of any act performed or omitted to be performed by the Receiver in connection with the Receiver's discharge of her duties and responsibilities hereunder, including, but not limited to claims based upon allegations of bad faith or willful or reckless misconduct, shall be advanced from the assets held in the Registry of the Court in this case; provided, however, that in the event that there is a final and non-appealable Order finding that the Receiver and/or the persons and/or entities engaged or employed by the Receiver to assist her are not entitled to

indemnification pursuant to subparagraph IV(g) this Order, the Receiver and/or the persons and/or entities engaged or employed by the Receiver to assist her shall undertake to reimburse the Receivership Estate the amount of the costs, fees and expenses advanced in connection with the defense of the claims based upon such acts.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Commission serve Bilzerian with a copy of this Order by telecopier and overnight mail;

## VI.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Bilzerian may file objections to this Order or any part thereof within 14 days of service of this Order, but that such challenge shall in no way suspend any portion of this Order unless otherwise ordered by this Court; and

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over implementation and enforcement of this Receivership Order for all purposes.