LaROSE, Judge.
Ernest B. Haire, III, appeals the trial court’s sua sponte order vacating a $2.3 million jury verdict and final judgment entered in his favor and dismissing, with prejudice, his lawsuit against Overseas Holdings Limited Partnership (OHLP). The trial court concluded that it lacked subject matter jurisdiction because of a related federal receivership proceeding in Washington, D.C. We reverse the trial court’s order. The trial court had jurisdiction to enter a final judgment for damages against OHLP.
In June 2000, a local bank demanded that Mr. Haire pay a $1 million loan he had guaranteed. Mr. Haire intended to obtain the necessary funds by selling some of his shares in Cimetrix, Inc., a publicly traded software company. Although it appears that he could have sold his shares on the open market, Mr. Haire asked Cime-trix’s president, Paul Bilzerian, if he knew of any potential buyers. Mr. Bilzerian suggested that Terri Steffen, who was his wife and OHLP’s owner, might be willing to have OHLP lend Mr. Haire $1 million. With such a loan, Mr. Haire would not have to liquidate any of his Cimetrix shares.
Mr. Haire pursued Mr. Bilzerians suggestion. In July 2000, OHLP loaned Mr. Haire $1 million. Mr. Haire executed an interest bearing promissory note secured by the pledge of his Cimetrix shares. Mr. Haire claimed that he retained the right to sell his Cimetrix shares to pay off the note, without penalty, at any time.
Prior to executing the note, Mr. Haire asked Mr. Bilzerian and Ms. Steffen whether the loan proceeds were unencumbered. They represented to Mr. Haire that the $1 million, as well as other OHLP assets, were not subject to any claims by Mr. Bilzerian’s creditors. Subsequently, Mr. Haire learned that these representations were false. In fact, OHLP assets were the subject of a separate receivership action in the United States District Court for the District of Columbia. More specifically, in 1993, the federal district court entered a disgorgement order against Mr. Bilzerian in connection with various securities transactions in which he was involved. S.E.C. v. Bilzerian, 814 F.Supp. 116 (D.D.C.1993), aff'd, 29 F.3d 689 (D.C.Cir.1994). The federal district court appointed a receiver to identify, gather, and liqui *582 date Mr. Bilzerian’s assets. S.E.C. v. Bilzerian, 127 F.Supp.2d 232 (D.D.C.2000). These assets included OHLP’s assets. Id. at 233. The federal district court found that the Bilzerian family owned OHLP and that Mr. Bilzerian had transferred substantial assets to OHLP. S.E.C. v. Bilzerian, 378 F.3d 1100, 1102 (D.C.Cir.2004).
In early 2001, when the price of Cime-trix stock began to drop, Mr. Haire wanted to sell his shares. OHLP refused his request to sell and filed for bankruptcy. In December 2001, Ms. Steffen and OHLP assigned seventy percent of their interest in the note to the receiver. Shortly thereafter, OHLP dismissed its bankruptcy case.
In May 2002, Mr. Haire sued OHLP in Hillsborough County circuit court. He sought damages for breach of contract, negligent misrepresentation, and fraud. By the time of trial in June 2004, Mr. Haire was proceeding under a second amended complaint that added claims seeking to rescind the loan transaction. The receiver declined Mr. Haires invitation to intervene in the Florida lawsuit.[1] Rather, the receiver sued Mr. Haire in the federal district court to collect on the note. Bilzerian, 378 F.3d at 1102.
In July 2003, the federal district court denied Mr. Haire’s motion to dismiss the receiver’s lawsuit and granted a summary judgment to the receiver. Id. In granting summary judgment, the federal district court rejected Mr. Haire’s defense that he had been defrauded by OHLP. Id. at 1109. Nevertheless, the federal district court noted that Mr. Haire could pursue claims for breach of contract, misrepresentation, and fraud against OHLP in a Florida court. Id. at 1108 n. 10. Although Mr. Haire maintains that this empowered him to pursue rescission claims against OHLP, the federal district court gave no such sweeping authorization. The federal district court observed that Mr. Haire could pursue his claims in a Florida court when Mr. Haire had no rescission claims pending against OHLP. We cannot say that the federal district court contemplated rescission claims when it commented on Mr. Haire’s available option.
Mr. Haire’s lawsuit against OHLP proceeded to trial. On June 21, 2004, and despite the results of the receivers action against Mr. Haire, the jury returned a $2.3 million verdict in favor of Mr. Haire. Concerned that OHLP was judgment proof, Mr. Haire elected rescission as his remedy, moved for entry of judgment, and submitted a proposed judgment to the trial court. On June 29, 2004, without a hearing, the trial court entered a $2.3 million final judgment in favor of Mr. Haire. The trial court recognized that the note was the subject of litigation in the federal district court and that Mr. Haire had not joined the receiver in his lawsuit. Concluding that the receiver was an indispensable party, the trial court refused to rescind the underlying transaction.
Mr. Haire promptly filed a motion seeking to alter the final judgment and for rescission. The trial court, again without a hearing, concluded that the federal district court had exclusive jurisdiction over the note. Accordingly, it vacated the jury verdict and the final judgment, and dismissed the case, with prejudice.
The trial court erred in concluding that it lacked subject matter jurisdiction over Mr. Haire’s damage claims. The crux of Mr. Haire’s lawsuit was that OHLP defrauded him. His claims for *583 damages against OHLP were within the trial courts jurisdiction. See 26.012(2)(a), Fla. Stat. (2000); Fedan Corp. v. Reina, 695 So.2d 1282, 1283 (Fla. 3d DCA 1997). Moreover, Mr. Haire’s damage claims did not interfere with the receivers exclusive possession of and control over the note. Indeed, “the appointment of the receiver does not necessarily draw to the federal court the exclusive right to determine all questions or rights of action affecting the debtor’s estate.” Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669 (1929) (citation omitted). As the Supreme Court has observed:
[A]n order which results in the distribution of assets among creditors has ordinarily a twofold aspect. In so far as it directs distribution, and fixes the time and manner of distribution, it deals directly with the property. In so far as it determines, or recognizes a prior determination of, the existence and amount of the indebtedness of the defendant to the several creditors seeking to participate, it does not deal directly with any of the property. The latter function, which is spoken of as the liquidation of a claim, is strictly a proceeding in personam. Of course, no one can obtain any part of the assets, or enforce a right to specific property in the possession of a receiver, except upon application to the court which appointed him.
Id. at 224, 49 S.Ct. 310. See also Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (stating that, when suits pending in state court and federal court involving same property are in rem, not in person-am, jurisdiction of one court must yield to that of the other).
Mr. Haire’s damage claims made no demand upon receivership property. Any damages awarded for breach of contract, misrepresentation, or fraud operated against OHLP, not against the receiver or receivership property. See Riehle, 279 U.S. at 224, 49 S.Ct. 310. Even the federal district court acknowledged that Mr. Haire could pursue his damage claims against OHLP. See Bilzerian, 378 F.3d at 1108 n. 10. Consequently, there was no impediment to the trial court’s exercise of jurisdiction over Mr. Haire’s damage claims against OHLP. See Kline v. Burke Constr. Co., 260 U.S. 226, 229-30, 43 S.Ct. 79, 67 L.Ed. 226 (1922) (holding that in personam action does not preclude action for same cause in another jurisdiction); Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 338 (5th Cir.1981) (noting no objection to federal court jurisdiction over property already the subject of in person-am state action).
Mr. Haire, however, is not entitled to rescission. In its June 29, 2004, final judgment, the trial court refused to grant rescission because it concluded that the receiver was an indispensable party to such a claim. An indispensable party is a person who has an interest in the underlying controversy and that interest is such that a “final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.” Mazza v. Santoni, 855 So.2d 710, 712 (Fla. 4th DCA 2003) (citations omitted). OHLP, however, did not raise the receiver’s status as an indispensable party as a defense. Thus, OHLP waived this defense. See Fla. R. Civ. P. 1.140(b).
Nevertheless, the trial court’s refusal to award rescission was correct, albeit for a different reason. The trial court correctly observed in its June 29, 2004, final judgment that rescission would materially affect the receiver’s interest in the note. If granted, rescission would undo the loan transaction and eviscerate a receivership *584 asset. The note belonged to the receivership estate and, as a result, was beyond the trial court’s reach. Only the federal district court could decide issues affecting that receivership asset. See Riehle, 279 U.S. at 223, 49 S.Ct. 310; Fed. Sav. & Lorn Ins. Corp. v. PSL Realty Co., 630 F.2d 515, 521 (7th Cir.1980); F.D.I.C. v. Fleet Credit Corp., 616 So.2d 488 (Fla. 3d DCA 1993). The trial court could not do so. In the final analysis, the trial court’s final judgment concluded correctly that rescission was unavailable to Mr. Haire.
We reverse the trial court’s August 24, 2004, order and remand for reinstatement of the jury verdict and the June 29, 2004, final judgment in favor of Mr. Haire and against OHLP.
Reversed and remanded.
ALTENBERND and SALCINES, JJ., concur.

. The order appointing the receiver provided that any lawsuit against the receiver had to be filed in the federal district court. Bilzerian, 127 F.Supp.2d at 234. Consequently, Mr. Haire did not name the receiver as a party in his lawsuit against OHLP.