CORTINAS, J.
 

 Appellant, Lawrence A. Saichek, as Receiver, seeks review of the trial court’s order determining monies held by him in a special trust account to be the “rightful funds” of Cab Builders, LLC (“Cab”) and requiring the disbursement of same (the
 
 *884
 
 “Order”). We find that the Order was improperly entered and reverse.
 

 In early 2006, Cab entered into a contract to sell certain real estate to a buyer. Under the terms of the contract, the buyer delivered the deposit amount of $350,000 to escrow agent Segredo & Weisz, a professional association whose general partner was Frank J. Segredo, P.A. (“Segredo, P.A.”). When the buyer failed to close, Cab demanded the deposit amount. Unable to obtain the deposit, Cab sued the buyer for breach of contract and also asserted causes of action in negligence and for an accounting against Segredo, P.A. and appellant (the “Cab Litigation”). Appellant was named as a party in the Cab Litigation because “[u]pon information and belief, [appellant was] serving as Receiver for [Segredo, P.A.] and Segredo & Weisz, a Professional Association, and [was] in possession of the Escrow Trust Account monies of the Property.”
 
 [1]
 

 Upon Cab’s motion, the trial court required appellant to “deposit the sum of $350,000 into an interest bearing special trust account to be held in trust by [appellant] until further Order of Court” and further specified that appellant “shall not transfer or disburse any funds from such account until further Order of Court.” While the Cab Litigation was pending, appellant became the court-appointed receiver over the trust accounts of Segredo, P.A. in an unrelated case (the “Receivership Litigation”).
 
 [2]
 
 The trial court in the Cab Litigation entered an amended final summary judgment solely against the buyer which, in pertinent part, provided:
 

 4. That [Cab] shall recover $350,000 from the interest bearing special trust account established by this Court pursuant to its order of August 14, 2008, subject to competing claims, if any, against the funds held by the [appellant], which funds are the subject of the accounting claims brought herein.
 

 Cab eventually filed a writ of garnishment action against appellant in the Cab Litigation. A trial was held on the writ of garnishment and the court entered the Order determining the segregated sum of $350,000 held by appellant to be the “rightful funds” of Cab and releasing the funds to Cab. Appellant now seeks review of the Order, arguing in part that the court in the Cab Litigation lacked authority to determine the disposition of the funds at issue. We agree and reverse.
 

 In Florida, the law is clear that
 

 [t]he custody of property by the court through its receiver is the custody of the sovereign power or government acting through the courts, possession by court of the res gives jurisdiction over the res to the court appointing the receiver and gives such court power to determine all questions concerning the ownership and disposition of the property. No other court can interfere with the possession of the res.
 

 Murtha v. Steijskal,
 
 232 So.2d 53, 55 (Fla. 4th DCA 1970) (citations omitted) (emphasis added). By appointing appellant as the receiver over the funds in Segredo P.A.’s trust and escrow accounts, the court in the
 
 *885
 
 Receivership Litigation gained the exclusive power to make determinations as to the disposition of the property held by appellant.
 
 See Haire v. Overseas Holdings Ltd. P’ship,
 
 908 So.2d 580, 583 (Fla. 2d DCA 2005) (“[N]o one can obtain any part of the assets, or enforce a right to specific property in the possession of a receiver, except upon application to the court which appointed him.”) (quoting
 
 Riehle v. Margolies,
 
 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669 (1929)).
 

 Accordingly, we find that the trial court in the Cab Litigation lacked authority over the funds held by appellant and reverse the Order. This ruling is without prejudice to Cab to make any appropriate claim in the Receivership Litigation. We need not address the other points on appeal.
 

 Reversed and remanded.
 

 [1]
 

 . Appellant was purportedly serving as a "special receiver" in accordance with private agreements between himself, Frank Segredo, Segredo, P.A. and Attorneys’ Title Insurance Fund.
 

 [2]
 

 . The order appointing appellant as receiver initially applied only to the trust accounts of Frank Segredo and Segredo's title company but was later amended nunc pro tunc to include the trust accounts of Segredo, P.A. The testimony below showed that, at this time, only $4,800 of the $350,000 can be accounted for in Segredo P.A.'s trust account.