**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 11, 2025**

# In the Court of Appeals of Georgia

A25A1013. OTU v. WHYTE-OTU.

BROWN, Chief Judge.

In this appeal arising out of the grant of an application for discretionary review, Daniel Otu, pro se, appeals from an order of the State Court of Fulton County reducing a magistrate court garnishment order from $50,000 to $15,000 based on the jurisdictional limit of $15,000 for cases in magistrate court. See OCGA § 15-10-2 (d) (5). He asserts five enumerations of error, one of which is dispositive of this appeal — that the magistrate court lacked subject matter jurisdiction. We therefore reverse the state court's garnishment order and remand this case with direction.

The record before us shows that on April 24, 2024, Otu's former wife instituted a garnishment action when her attorney filed an "Affidavit of Garnishment" in the

Magistrate Court of Fulton County seeking to collect on a $50,000 judgment she had obtained in the Superior Court of Fulton County. See OCGA § 18-4-3 (a). A "Summons of Garnishment On A Financial Institution" was issued on the same day and served on Truist Bank, Inc. on April 30, 2024. See OCGA § 18-4-3 (b) (summons of garnishment issued upon filing of affidavit of garnishment by plaintiff's attorney). On May 1, 2024, the attorney served Otu by mail with a copy of the various pleadings in the garnishment action. On May 2, 2024, Otu filed a motion to dismiss and completed a preprinted claim exemption form, asserting in both that the underlying judgment was currently pending on appeal in the Supreme Court of Georgia. See OCGA § 18-4-15 (outlining procedure for defendant in garnishment action to become a party and "assert the basis upon which he . . . claims that his . . . money or other property is exempt from garnishment"). A hearing was scheduled for May 21, 2024, at 9:30 a.m.

On May 21, 2024, at 2:12 p.m., Otu filed an amended motion to dismiss the garnishment order, asserting in part, that the judgment sought to be enforced in magistrate court exceeded its jurisdictional limit of $15,000.[1] A few hours later, the

---

[1] According to a response brief filed by the former wife's attorney below, this issue was not raised in the hearing before the magistrate court and was filed after the

magistrate court issued an "Order on Claim/Traverse" denying Otu's claim of exemption on a preprinted form with the following handwritten conclusion: "Underlying judgment … remains intact[.] Dft. has failed to post superseadeas. Dft[.] is appealing the contempt finding against him, *not* the underlying judgment." (Emphasis in original.)

On May 24, 2024, Otu filed a "Petition for Review to State Court" from the magistrate judge's May 21, 2024 order asserting that the magistrate court lacked jurisdiction because the judgment being satisfied through the garnishment exceeded $50,000. On October 2, 2024, Otu's former wife filed a response in which she asserted that no more than $15,000 was at issue in the garnishment action because it was a garnishment of an existing judgment, not an action seeking to determine the amount owed by Otu. She also pointed out that the amount actually garnished from Truist was $4,640.66, less than the jurisdictional amount of $15,000. In the alternative, she requested that the case be remanded to the magistrate court with an instruction that the case be transferred to superior court.

hearing concluded.

The State Court of Fulton County held a hearing on Otu's petition for review, at which counsel for his former wife appeared. The state court agreed with Otu's argument "that the Magistrate Court exceeded its jurisdictional limit of $15,000 in entering the garnishment order" and ordered that the garnishment order entered by the magistrate court be reduced to $15,000. Otu filed an application for discretionary review, which this Court granted on December 20, 2024. Otu's former wife did not file a response to the application and has not filed a brief in this appeal.

Otu correctly asserts in this appeal that the magistrate court lacked jurisdiction. OCGA § 15-10-2 (a) (5) provides that a magistrate court

> shall have jurisdiction and power over . . . [t]he trial of civil claims including garnishment and attachment in which exclusive jurisdiction is not vested in the superior court *and* the amount demanded or the value of the property claimed does not exceed $15,000.00, provided that no prejudgment attachment may be granted.

(Emphasis supplied.) Here, garnishment to satisfy a judgment in the amount of $50,000 was sought, and the magistrate court therefore lacked jurisdiction. See *Champion v. Rakes*, 155 Ga. App. 134, 135 (270 SE2d 272) (1980) (holding under predecessor statute with similar language "that the jurisdiction of the court is

4

determined by the amount sued for; thus, the amount of the judgment would play no part in determining whether the court had subject matter jurisdiction"). See also *Cheatham Fletcher Scott Architecture v. Hull 2000*, 352 Ga. App. 691, 697 (5) (835 SE2d 644) (2019) (holding same). "When the record discloses that the trial court lacked subject matter jurisdiction, [an appellate court has] jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." (Citation and punctuation omitted.) *Ferrell v. Young*, 323 Ga. App. 338, 344 (2) (746 SE2d 167) (2013). Accordingly, the state court erred in modifying the amount of money subject to garnishment to the jurisdictional limit of the magistrate court as it also lacked jurisdiction. *Giles v. Vastakis*, 262 Ga. App. 483, 484 (585 SE2d 905) (2003) ("the state and superior courts, on de novo appeals, have only the jurisdiction possessed by the magistrate court") (citation and punctuation omitted). We therefore reverse and remand with instruction that the state court remand the case back to the magistrate court with instruction that the magistrate court transfer the case to a proper forum pursuant to the Georgia Uniform Transfer Rules. See *Long v. City of Madison*, 372 Ga. App. 643, 644 (905 SE2d 712) (2024) ("When a judgment has been rendered by a court having no jurisdiction of the subject matter,

5

this court will reverse the judgment."); Ga. Uniform Transfer Rules T-4 ("These rules shall become operative when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction. . . . Such motion shall be treated as a motion to transfer pursuant to these rules. . . .").

*Judgment reversed. Barnes, P. J., and Watkins, J., concur.*